RECEIVED

2005 OCT -6 P 2: 40

DEBRA P. HACKETT, CLK
U.S. DISTRICT ALA
MIDDLE DIST. OF ALA.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNIE MAE KING, as Conservator )
over the Estates of EARNEST L. )
COTTRELL and ROSIE J. )
COTTRELL, )
)
           Plaintiffs, )
)
v. )
)
THE PROVIDENT BANK, FAMILY )
FINANCIAL AND MORTGAGE )
SERVICE, LITTON LOAN )
SERVICING LP, C-BASS LLC, )
GREENWICH CAPITAL )
FINANCIAL PRODUCTS, INC., )
PROVIDENT CONSUMER )
FINANCIAL SERVICES, and SCOTT )
THOMPSON, )
)
           Defendants. )

Civil Action No. 2:05-CV-0961-W

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446, Defendant National City Bank

("National City"), the successor by merger to The Provident Bank, hereby removes *Johnnie Mae*

*King v. The Provident Bank et al.*, No. CV-05-2222, Circuit Court of Montgomery County,

Alabama (the "Action"), to this federal court.

The following is the "short and plain statement of the grounds for removal" contemplated

by 28 U.S.C. § 1446(a):

I.    **The procedural requirements for removal are satisfied.**

A.    **This removal is timely.**

1.    On or about August 26, 2005, Plaintiff Johnnie Mae King (hereinafter, "King"), as alleged Conservator over the Estates of Earnest L. Cottrell and Rosie J. Cottrell, commenced this Action against The Provident Bank and other defendants in state court by filing a complaint (the "Complaint") in the Circuit Court of Montgomery County, Alabama.

2.    National City first received notice of this Action on September 6, 2005, when it received a copy of the initial pleading setting forth the claim for relief upon which the Action is based—the Complaint—by certified mail.

3.    All other defendants first received notice of this Action between September 6, 2005 and September 19, 2005, when they were served the Complaint by certified mail.

4.    Accordingly, this notice, which is being filed and served on October 6, 2005, is timely under 28 U.S.C. § 1446(b), which requires removal within 30 days after service of the Complaint.

B.    **All defendants have consented to this removal.**

5.    As a result of a merger, The Provident Bank no longer exists as a legal entity. National City is its successor. Therefore, it is unnecessary for The Provident Bank to consent to removal. To the extent that the consent of The Provident Bank is deemed necessary for removal, undersigned counsel hereby consents on behalf of The Provident Bank.

6.    Provident Consumer Financial Services was a division of The Provident Bank and was a never a separate legal entity. Therefore, it is unnecessary for Provident Consumer Financial Services to consent to removal. To the extent that the consent of Provident Consumer

Financial Services is deemed necessary for removal, undersigned counsel hereby consents on behalf of Provident Consumer Financial Services.

7.    All other defendants consent to and join in this removal. Copies of their joinders are attached hereto as Exhibit A.

C.    **All other procedural requirements have been satisfied.**

8.    As required by 28 U.S.C. § 1446(b), true and correct copies of the process, pleadings, and orders served on all the defendants in the Action are attached hereto as Exhibit B.

9.    As required by 28 U.S.C. § 1446(d), National City will promptly serve this Notice of Removal on King, and will file notice of this Notice of Removal in the Circuit Court of Montgomery County, Alabama, on a timely basis. A copy of National City's Notice of Filing of Notice of Removal, without its exhibits, is attached hereto as Exhibit C.

II.    **This Court has federal subject-matter jurisdiction of this Action because the Complaint alleges state-law causes of action that require resolution of substantial federal questions.**

10.    A federal district court has subject-matter jurisdiction of a case in which adjudication of a state-law claim pleaded in the complaint requires that the court decide a substantial question of federal law. *See, e.g., Hill v. BellSouth Telcomms., Inc.*, 364 F.3d 1308, 1314-17 (11th Cir. 2004); *Ayres v. GMC*, 234 F.3d 514, 517-20 (11th Cir. 2000).

11.    The facts alleged in King's Complaint are that the various defendants, participating in different ways, misrepresented or omitted facts to Earnest and Rosie Cottrell, of whose estate King claims to be the conservator, Compl. ¶ 1, to induce them to refinance their house, to conceal settlement costs associated with and added to the variable-rate mortgage, and to insure the house with a policy whose premiums were added to the mortgage, *see* Compl. ¶¶ 12-25.

- 3 -

12.    In Count I of the Complaint, King further alleges that the misrepresentations and omissions regarding the mortgage and its settlement costs are actionable as fraud under Alabama law.    Compl. ¶¶ 26-31.    In Count II of the Complaint, King separately alleges that the misrepresentations regarding insurance are also actionable as fraud under Alabama law.    Compl. ¶¶ 32-36.  Finally, in Counts VII and VIII of the Complaint, King alleges that the variable-rate mortgage secured through the alleged misrepresentations and omissions was unconscionable and, separately, unjustly enriched the defendants. Compl. ¶¶ 49-53.

13.    The federal Truth-in-Lending Act ("TILA"), and the regulations of the Federal Reserve Board implementing TILA, determine the adequacy of representations regarding home mortgages in Alabama.  *See* 15 U.S.C. § 1602 (placing home mortgages within TILA's scope); 1605(c) (governing disclosure of property insurance placement by lenders); 1631(a) (requiring creditors to make the disclosures mandated by TILA); 1638 (setting forth the basic disclosure parameters for mortgages); 12 U.S.C. §§ 3801-3806 (closely-related Alternative Mortgage Transaction Parity Act authorizing non-federally-chartered lenders to provide variable-rate mortgages under federal regulations applicable to federally-chartered lenders); 12 C.F.R. §§ 226.1-226.4, 226.17-226.27, 226.30, 226.36 ("Regulation Z" of the Federal Reserve Board implementing TILA's home-mortgage disclosure requirements); Act of Alabama 94-115, § 1, *reprinted with* Ala. Code § 5-19-6 (reciting the Alabama legislature's determination that "[f]ederal laws, regulations, and interpretations, including the federal Truth-in-Lending Act and other federal consumer credit disclosure laws" are comprehensive and adequate).

14.    Since TILA determines the adequacy of representations regarding home mortgages, King's state-law causes of action necessarily require the court to determine whether the alleged misrepresentations and omissions violated TILA.  Thus, the Court must decide a

substantial question of federal law to adjudicate those claims and, accordingly, has subject-matter jurisdiction to do so. *E.g.*, *Alison v. Household Fin. Corp. of Alabama*, No. 04-0254-CG-L, slip op. at 4-5 (S.D. Ala. Aug. 2, 2004) (citing *Hill*, 364 F.3d 1308) (attached hereto as Exhibit D); *Gandy v. People's Bank & Trust Co.*, 224 B.R. 340, 342-45 (S.D. Miss. 1998); *Jones v. Barnes*, 1998 U.S. Dist. LEXIS 22904, at *4-7 (S.D. Miss. Aug. 28, 1998); *Allen v. Jerome Imports, Inc.*, 1998 U.S. Dist. LEXIS 2186 (E.D. La. Feb. 23, 1998).

15.    King's claims similarly implicate the federal Real Estate Settlement Procedures Act ("RESPA"), and the regulations of the Department of Housing and Urban Development ("HUD") implementing RESPA, which further determine the adequacy of representations regarding settlement costs for home mortgages. *See* 12 U.S.C. § 2602 (placing residential mortgage settlements within RESPA's scope); 2603 (requiring disclosure of settlement costs on a HUD-approved form); 2604 (requiring distribution of a HUD "booklet" explaining settlement costs to borrowers); 24 C.F.R. §§ 3500.1-3500.12 (HUD "Regulation X" implementing RESPA's settlement-costs disclosure requirements).

16.    In addition, removal is proper because Regulations X and Z are "comprehensive and detailed regulations" established by officers of the federal government at HUD and the Federal Reserve Board under which the various defendants acted. *Watson v. Philip Morris Cos.*, 420 F.3d 852, --- [2005 U.S. App. LEXIS 18251, at *10] (8th Cir. 2005) (internal quotations omitted); *see* 28 U.S.C. § 1442(a)(1) (permitting removal of civil actions in which persons "are sued for actions taken under the direction of a federal officer" (quoting *Watson*, 420 F.3d at --- [2005 U.S. App. LEXIS, at *3])).

17.    King disclaims the federal aspects of her Complaint. *See* Compl. ¶ 10 ("Plaintiffs' claims are brought solely under Alabama law, and Plaintiffs state they do not bring

any claim and/or disclaim any and all claims under any Federal laws, statutes, or regulations."). Under the artful pleading doctrine, however, disclaimers that mask federal aspects of a Complaint are ignored. *See, e.g., Ayres*, 234 F.3d at 519.

## III.    This Court has supplemental jurisdiction of the remaining causes of action.

18.    Federal district courts have supplemental jurisdiction of all claims arising from the same nucleus of operative facts as claims raising federal questions. *See* 28 U.S.C. § 1367(a) (providing supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (holding that claims are part of the same case or controversy under Article III if they "derive from a common nucleus of operative facts.").

19.    All of the remaining causes of action the Complaint arise from the same nucleus of operative facts as Counts I, II, VII, and VIII. *See* Compl. ¶¶ 37-48, 54-59. Accordingly, this Court has supplemental jurisdiction of those claims.

## IV.    This Court is the proper venue for this Action.

20.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of Montgomery County, Alabama, the forum in which the removed action was pending.

For the foregoing reasons, this Action is one that may be removed to this Court by National City pursuant to the provisions of 28 U.S.C. §§ 1441, 1442(a)(1), and 1446. By removing this Action, National City and the other consenting defendants do not waive any defenses or rights they may have, including rights to arbitration.

Dated: October 6, 2005

Robert K. Spotswood (SPO 001)

**SPOTSWOOD LLC**
ROBERT K. SPOTSWOOD  (SPO 001)
KENNETH D. SANSOM (SAN 047)
JOHN R. PARKER, JR. (PAR 123)

940 Concord Center
2100 3rd Avenue North
Birmingham, AL 35203
Phone:  205-986-3620
Fax:  205-986-3639
E-Mail: rks@spotswoodllc.com

Attorneys for National City Bank

**RECEIVED**

2005 OCT -6 ₽ 2: 40

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEBRA P. HACKETT, JESSIE MAE KING, as Conservator<br>over the Estates of **ERNEST L.**<br>**COTTRELL** and **ROSIE J.**<br>**COTTRELL,** | ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) <br> ) |
| **THE PROVIDENT BANK, FAMILY**<br>**FINANCIAL AND MORTGAGE**<br>**SERVICE, LITTON LOAN**<br>**SERVICING LP, C-BASS LLC,**<br>**GREENWICH CAPITAL**<br>**FINANCIAL PRODUCTS, INC.,**<br>**PROVIDENT CONSUMER**<br>**FINANCIAL SERVICES,** and **SCOTT**<br>**THOMPSON,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

Civil Action No. _____

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2005, I sent via first-class U.S. mail a copy of the foregoing

Notice of Removal to the following:

Jere L. Beasley, Esq.
W. Daniel Miles, III, Esq.
C. Lance Gould, Esq.
BEASLEY, ALLEN, CROW,
          METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL  36103

Richard D. Lively, Esq.
364 E. Main Street
Prattville, Alabama  36067

John T. Bender, Esq.
McFadden, Lyon & Rouse, L.L.C.
718 Downtowner Boulevard
Mobile, Alabama  36609

Cara K. Martens, Esq.
Greenwich Capital Financial Products, Inc.
600 Steamboat Road
Greenwich, Connecticut 06830

DATED: October 6, 2005

Robert K. Spotswood (SPO 001)

SPOTSWOOD LLC.
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
Tel.: (205) 986-3620
Fax: (205) 986-3639
E-Mail: rks@spotswoodllc.com

Attorney for National City Bank