# EXHIBIT B

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JOHNNIE MAE KING, as Conservator over the<br>Estates of EARNEST L. COTTRELL and<br>ROSIE J. COTTRELL,<br><br>    Plaintiffs,<br><br>v.<br><br>THE PROVIDENT BANK; FAMILY<br>FINANCIAL AND MORTGAGE SERVICE;<br>LITTON LOAN SERVICING LP;<br>C-BASS LLC; GREENWICH CAPITAL<br>FINANCIAL PRODUCTS, INC.;<br>PROVIDENT CONSUMER<br>FINANCIAL SERVICES;<br>SCOTT THOMPSON; and Fictitious<br>Defendants "A", "B", and "C", whether<br>singular or plural, are those other persons,<br>firms, corporations, or other entities whose<br>wrongful conduct caused or<br>contributed to cause the injuries and<br>damages to the Plaintiffs at this time, but<br>will be substituted by amendment when<br>ascertained,<br><br>    Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No.:  CV-05-2222 <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * **TRIAL BY JURY REQUESTED** <br> * <br> * |

2005 AUG 26  PM 3:48

FILED CIRCUIT COURT OF MONTGOMERY COUNTY

## COMPLAINT

### STATEMENT OF THE PARTIES

1.    Johnnie Mae King was appointed Conservator over the Estates of Earnest L. Cottrell and Rosie J. Cottrell by the Judge of Probate of Lowndes County, Alabama on October 17, 2003.  Earnest L. Cottrell and Rosie J. Cottrell are residents of Lowndes County, Alabama.

2.    Defendant The Provident Bank (hereinafter referred to as Provident) is an Ohio corporation that is doing business by agent in Montgomery County, Alabama.

3.    Defendant Family Financial and Mortgage Service (hereinafter referred to as Family) is an Alabama corporation doing business by agent in Montgomery County, Alabama.

4.    Defendant Litton Loan Servicing LP (hereinafter referred to as Litton) is a Texas corporation doing business by agent in Montgomery County, Alabama and is a wholly owned subsidiary of C-Bass LLC.

5.    Defendant C-Bass LLC (hereinafter referred to as C-Bass) is a New York corporation doing business by agent in Montgomery County, Alabama.

6.    Defendant Greenwich Capital Financial Products, Inc. (hereinafter referred to as Greenwich) is a Connecticut corporation doing business by agent in Montgomery County, Alabama.

7.    Defendant Provident Consumer Financial Services (hereinafter referred to as PCFS) is an Ohio corporation that is doing business by agent in Montgomery County, Alabama.

8.    Defendant Scott Thompson (hereinafter referred to as Thompson) is over the age of nineteen (19) and is a resident of Montgomery County, Alabama.

9.    Fictitious Defendants "A," "B," and "C," whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained.

10.    Plaintiffs' claims are brought solely under Alabama law, and Plaintiffs state they do not bring any claim and/or disclaim any and all claims under any Federal laws, statutes, or regulations.

## BACKGROUND FACTS

11.    Because of Plaintiffs' mental incapacity and Defendants' fraudulent concealment, pursuant to Ala. Code §'s 6-2-8 and 6-2-3, this action is timely filed.

2

12.     Plaintiffs Rosie and Ernest Cottrell were legal and equitable owners of real property located at 20 Howard Street, Lowndesboro, Alabama 36752.

13.     On or about September 25, 1991, Plaintiff Ernest Cottrell entered into a loan agreement secured by a mortgage on the property located at 20 Howard Street, Lowndesboro, Alabama 36752, with the United States Department of Agriculture Farmers Home Administration (hereinafter referred to as FHA).

14.     Plaintiff Earnest Cottrell's FHA loan contained favorable terms to him such as a fixed annual percentage rate of 8.75% and payments that were subsidized by the FHA.

15.     On or about July 21, 2000, Plaintiff Ernest Cottrell was solicited by Defendant Thompson, while acting as agent for Defendant Family, to take out a loan secured by a mortgage on the property located at 20 Howard Street, Lowndesboro, Alabama 36752 with Defendant Provident. This loan was detrimental to Plaintiff Earnest Cottrell because it took him out of a federally subsidized loan with a fixed annual percentage rate of interest at 8.75% and forced him into a variable annual percentage interest rate loan with a minimum rate of 10.875% and a maximum of 17.875%. This loan was also detrimental to Plaintiff Earnest Cottrell because he was charged over $800 as a subsidy recapture from FHA for early withdrawal from the subsidized loan.

16.     Defendant Thompson told Plaintiff Earnest Cottrell that it would be in his best interest to refinance his prior subsidized fixed rate loan and take out a variable interest rate loan. Additionally, Defendants Thompson and Family required Plaintiff Earnest Cottrell to pay Broker Fees and other junk fees in the amount of $4,073.70 in order to get approved for the loan. Plaintiff Earnest Cottrell only received $1,498.21 of the loan proceeds.

3

17.    Defendants knew Plaintiff Earnest Cottrell was not saving money and this loan was not in his best interest.  As a result of the wrongful conduct, Defendants Thompson and Family made higher commissions on "new" money that was brought in.

18.    Defendants gave financial advice to Plaintiff Earnest Cottrell concerning the structure of his loan and refinancing the FHA loan.  Defendants gave financial advice on how to "manage his finances."

19.    The monthly payments made by Plaintiff Earnest Cottrell in connection with this loan included payments on the financing of the various fees including broker fees. In addition, Defendants added junk fees and other finance charges on the full amount of the loan.

20.    Defendants nurtured a relationship of trust in which Plaintiff Earnest Cottrell was led to believe he could rely on Defendants for sound advice about organizing his finances.  When in fact, Defendants engaged in deceptive practices to induce Plaintiff Earnest Cottrell to take out or refinance his loan with higher interest rates, cost and fees.

21.    Defendants failed to disclose the required payment of substantial loan fees and closing costs involved with loans with Defendants.

22.    Excessively high closing costs and service charges are also charged by Defendants in order to bloat the loans.  Defendants did not explain or disclose these junk fees to Plaintiff Earnest Cottrell.

23.    On or about July 26th, 2000, Defendants induced Plaintiff Rosie Cottrell to convey all of her legal and equitable interest in the real property located at 20 Howard Street, Lowndesboro, Alabama 36752 to Ernest Cottrell.

24.    On or about July 5, 2001, Defendant Litton was servicing the loan for Defendant Provident.  While servicing the loan for Defendant Provident, Defendant Litton forced placed a

4

property insurance policy on Plaintiff Ernest Cottrell's property. Defendant Litton purchased this policy through Defendant PCFS, a wholly owned subsidiary of Defendant Provident, and added the cost of the policy to the loan with Defendant Provident.

25.    At all times material hereto Defendant Thompson was acting as agent for Defendant Family, who was acting as agent for Defendant Provident. Also at all times material hereto the loan in question was being serviced by Defendant Litton, a wholly owned subsidiary of Defendant C-Bass. After the loan was taken out with Defendant Provident, Provident sold and assigned all interest in Plaintiff Earnest Cottrell's loan to Defendant Greenwich.

### Count I
### Fraudulent Misrepresentation and /or Omission

26.    Plaintiffs incorporate by reference all of the preceding paragraphs.

27.    Defendants made the above described and the following false, misleading and deceptive representations to Plaintiffs and/or omitted to state material facts in connection with the loans, in the following respects:

> (a)    Defendants represented that Plaintiff Earnest Cottrell would save money when refinancing his existing FHA subsidized loan into a variable interest rate loan and did not accurately illustrate the loss he would sustain when converting their fixed interest rate Federally subsidized loan into an unsubsidized variable interest rate loan at a higher rate with Defendants;

> (b)    Defendants failed to disclose the required payment of substantial loan fees and closing costs involved with loans with Defendants, including a subsidy recapture penalty from FHA for early withdrawal from the subsidized loan;

> (c)    Defendants failed to disclose to Plaintiff Earnest Cottrell that Defendants would financially benefit and share either directly or indirectly in the fees charged

to him, and that Defendants and/or its agents and representatives had a pecuniary interest in refinancing his subsidized loan into an unsubsidized loan;

(d)     Defendants failed to disclose and adequately explain to Plaintiff Earnest Cottrell the manner in which fees would be added to and charged to him;

(e)     Defendants failed to disclose that Plaintiff Earnest Cottrell was paying higher costs, including more interest and higher fees, as a result of the refinancing of his existing FHA loan;

(f)     Defendants led Plaintiff Earnest Cottrell to believe that it would cost him less money by refinancing his existing FHA loan; and

(g)     Defendants fraduantly induced Plaintiff Rosie Cottrell into conveying by quit claim deed her interest in the property, located at 20 Howard Street, Lowndesboro, Alabama 36752, to Plaintiff Earnest Cottrell.

(h)     Defendants further failed to disclose the other facts set out in the Background Facts section of the Complaint.

28.     The fraudulent misrepresentations, omissions and concealment by Defendants were known and deliberated and were purposely designed to deceive Plaintiffs into believing that Defendants were adequately advising about organizing their finances and transferring the property.

29.     The misrepresentations, concealment and omissions by Defendants were material in that Plaintiff Earnest Cottrell would not have permitted Defendants to make the loans or discontinue the advantages of the FHA loan absent the deceptive and misleading statements and omissions of material facts by Defendants.  Plaintiffs reasonably believed that Defendants had accurately and adequately disclosed all material facts and acted in their best interests with respect

to the loans and ownership of the property located at 20 Howard Street, Lowndesboro, Alabama 36752.

30.     As a direct and proximate result of Defendants' fraudulent misrepresentations, concealment and omissions, Plaintiffs have been proximately damaged as follows: they paid money for additional interest, fees, lost interest on money, lost interest in the real property located at 20 Howard Street, Lowndesboro, Alabama 36752, have suffered mental anguish and have otherwise been injured and damaged.

31.     Defendants' fraudulent conduct was willful, wanton and malicious, thereby entitling Plaintiffs to the recovery in an amount to be determined at the trial of this action.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, a separate amount as punitive damages, and their costs.

### Count II
### Fraudulent Misrepresentation and /or Omission

32.     Plaintiffs incorporate by reference all of the preceding paragraphs.

33.     Defendants made the above described and the following false, misleading and deceptive representations to Plaintiff Earnest Cottrell and/or omitted to state material facts in connection with the purchasing of property insurance on behalf of Plaintiff Ernest Cottrell, in the following respects:

> (a)     At the time Defendants obtained property insurance on behalf of Plaintiff Earnest Cottrell, Defendants failed to inform Plaintiff Earnest Cottrell that he could obtain alternative property insurance at a cost much less than the amount that would be charged for insurance procured by Defendants;

7

(b)    Defendants failed to advise Plaintiff Earnest Cottrell that the property insurance charged to him was grossly overpriced and far in excess of the market rate;

(c)    Defendants failed to inform Plaintiff Earnest Cottrell that the insurance premiums for the property insurance furnished by Defendants would be financed at an excessive interest rate, thereby further driving up the cost of the insurance obtained for him;

(d)    Defendants failed to advise Plaintiff Earnest Cottrell that the property insurance purportedly obtained on his behalf was wholly inadequate;

(e)    Defendants failed to disclose to Plaintiff Earnest Cottrell that Defendants would financially benefit and share either directly or indirectly in the insurance premiums charged to him, and that Defendants and/or its agents and representatives had a pecuniary interest in adding property insurance to his loan;

(f)    Defendants failed to disclose and adequately explain to Plaintiff Earnest Cottrell the manner in which credit insurance would be procured and charged to him.

34.    The fraudulent misrepresentations, omissions and concealment by Defendants were known and deliberated and were purposely designed to deceive Plaintiff Earnest Cottrell.

35.    The misrepresentations, concealment and omissions by Defendants were material in that Plaintiff Earnest Cottrell would not have permitted Defendants to purchase the property insurance on his behalf absent the deceptive and misleading statements and omissions of material facts by Defendants.    Plaintiff Earnest Cottrell reasonably believed that Defendants had

8

accurately and adequately disclosed all material facts and acted in his best interests with respect to the property insurance.

36.    As a direct result of Defendants' fraudulent misrepresentation, concealment and omissions, Plaintiff Earnest Cottrell was damaged as set forth in Paragraph 30.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs.

## Count III
### Negligent Hiring, Training, and Supervision

37.    Plaintiffs incorporate by reference all of the preceding paragraphs.

38.    Defendants are guilty of negligent hiring, training and supervision of Defendant Thompson who was at all times hereto acting as their agent.

39.    As a direct result of the negligent hiring, training and supervising by Defendant, Plaintiffs were damaged as set forth in Paragraph 30.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs.

## COUNT IV
### Wanton Hiring, Training, and Supervising

40.    Plaintiffs incorporate by reference all of the preceding paragraphs.

41.    Defendants are guilty of wantonly hiring, training and supervision of Defendant Thompson who was at all times hereto acting as their agent.

42.    As a direct result of the wanton hiring, training and supervising by Defendants, Plaintiffs were damaged as set forth in Paragraph 30.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, a separate amount as punitive damages, and their costs.

## Count V
## Negligent Contracting with a Mentally Incompetent Individual

43.     Plaintiffs incorporate by reference all of the preceding paragraphs.

44.     Defendants are guilty of negligent contracting with a mentally incompetent individual, Ernest Cottrell.

45.     As a direct result of the negligent contracting with a mentally incompetent individual, Plaintiff Earnest Cottrell was damaged as set forth in Paragraph 30.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs.

## COUNT VI
## Wanton Contracting with a Mentally Incompetent Individual

46.     Plaintiffs incorporate by reference all of the preceding paragraphs.

47.     Defendants are guilty of wantonly contracting with a mentally incompetent individual, Ernest Cottrell.

48.     As a direct result of the wanton hiring, training and supervising by Defendants, Plaintiff Earnest Cottrell was damaged as set forth in Paragraph 30.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, a separate amount as punitive damages, and their costs.

## Count VII
## Unconscionability

49.     Plaintiffs incorporate by reference all of the preceding paragraphs.

10

50.    The above-described conduct, acts and omissions of the Defendants constitute unconscionable practices, individually and collectively.

51.    Defendants' unconscionable acts and practices were the proximate cause of damages to Plaintiffs, and, therefore, they are entitled to recover damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, a separate amount as punitive damages, and their costs.

### Count VIII
### Unjust Enrichment

52.    Plaintiffs incorporate by reference all of the preceding paragraphs.

53.    At all times material hereto, Defendants have intentionally, negligently and/ or wantonly retained money from Plaintiffs and have unjustly enriched itself at the expense of Plaintiffs as described herein.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, a separate amount as punitive damages, and their costs.

### Count IX
### Slander of Title

54.    Plaintiffs incorporate by reference all of the preceding paragraphs.

55.    Plaintiff Rosie Cottrell owned legal and equitable title jointly with Ernest Cottrell to the disparaged property located at 20 Howard Street, Lowndesboro, Alabama 36752.

56.    On or about July 21, 2000, Defendants recorded a mortgage in the Lowndes County Courthouse stating that Defendant Provident had a property interest in Plaintiff Rosie Cottrell's property located at 20 Howard Street, Lowndesboro, Alabama 36752.

11

57.    Defendants made a knowingly false assertion regarding Plaintiff Rosie Cottrell's ownership of the disparaged property.

58.    Defendants' false assertion was made with malice concerning the Plaintiff Rosie Cottrell's disparaged property and then published by Defendants to the public when it was recorded in the Lowndes County Courthouse.

59.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Rosie Cottrell has incurred special damages set forth herein but not limited to as follows:

(a)    Plaintiff Rosie Cottrell sustained special damage by way of a lien on her property of over $43,000 without her express or implied consent.

(b)    Plaintiff Rosie Cottrell sustained special damage in that she lost legal and equitable title to the property located at 20 Howard Street, Lowndesboro, Alabama 36752.

(c)    Plaintiff Rosie Cottrell sustained special damages in that an unauthorized deed was recorded in the Lowndes County Courthouse and a mortgage on Plaintiff Rosie Cottrell's property was recorded in the Lowndes County Courthouse. Because of the unauthorized deed and mortgage recorded in the Lowndes County Courthouse, Plaintiff Rosie Cottrell could not obtain financing from other lending institutions.

(d)    Plaintiff Rosie Cottrell suffered mental anguish, loss of sleep, anger, humiliation, embarrassment, shame in connection with these matters, and continues to do so.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, a separate amount as punitive damages, and their costs.

Dated: August 25, 2005.

JERE L. BEASLEY (BEA020)
W. DANIEL MILES, III (MIL060)
C. LANCE GOULD (GOU007)
Attorneys for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343
(334) 954-7555 (fax)

<u>**JURY DEMAND**</u>

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.**

OF COUNSEL

13

CV-05-2222

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>[C][V] [ ][ ][ ][ ][ ] [ ][ ] - [ ][ ]<br>Date of Filing:    Judge Code:<br>[ ][ ] [ ][ ] [ ][ ][ ][ ]<br>Month   Day   Year |
|---|---|---|

**GENERAL INFORMATION**

IN THE CIRCUIT COURT OF _____ **MONTGOMERY** _____, **ALABAMA**
(Name of County)

_____ JOHNNIE MAE KING, et al. _____ v. _____ THE PROVIDENT BANK, et al. _____

| | Plaintiff | | | Defendant | |
|---|---|---|---|---|---|
| **First Plaintiff** | ☐ Business  ☑ Individual<br>☐ Government  ☐ Other | | **First Defendant** | ☑ Business  ☐ Individual<br>☐ Government  ☐ Other | |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):  F ☑ INITIAL FILING    A ☐ APPEAL FROM    O ☐ OTHER: _____
DISTRICT COURT
R ☐ REMANDED    T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
[G][O][U][0][0][7]    August 26, 2005 _____    _____
Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☑ NO  ☐ UNDECIDED

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHNNIE MAE KING, as Conservator over the  *
Estates of EARNEST L. COTTRELL and       *
ROSIE J. COTTRELL,                    *
                                   *

      Plaintiffs,                *
                                   *

v.                           * Civil Action No.: _CV-05-2222_
                                   *

THE PROVIDENT BANK; et al.       *
                                   *

      Defendants.             *

### SUMMONS

    This service by certified mail of this summons is initiated upon the written request of Plaintiff attorney pursuant to the Alabama Rules of Civil Procedure.

          NOTICE TO:      **The Provident Bank**
                        **c/o The Corporation Company**
                        **2000 Interstate Park Drive, Suite 204**
                        **Montgomery, AL  36109**

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

                        **C. Lance Gould**
                        **BEASLEY, ALLEN, CROW, METHVIN,**
                        **PORTIS & MILES, P.C.**
                        **Post Office Box 4160**
                        **Montgomery, AL  36103-4160**

the attorney for the Plaintiff. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                             _Melissa Rittenour_
                                       CIRCUIT CLERK

Dated: _09/01/05_

**Certified Article Number**

7160 3901 9848 8110 6659

**SENDERS RECORD**

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHNNIE MAE KING, as Conservator over the \*
Estates of EARNEST L. COTTRELL and   \*
ROSIE J. COTTRELL,   \*
  \*
    Plaintiffs,   \*
  \*
v.   \* Civil Action No.: C V - 05 - 2222
  \*
THE PROVIDENT BANK; et al.   \*
  \*
    Defendants.   \*

### SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff attorney pursuant to the Alabama Rules of Civil Procedure.

    NOTICE TO:     **Family Financial and Mortgage Service**
                        **2261 Congressman Dickinson Drive**
                        **Montgomery, AL 36109**    D2

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

                **C. Lance Gould**
                **BEASLEY, ALLEN, CROW, METHVIN,**
                **PORTIS & MILES, P.C.**
                **Post Office Box 4160**
                **Montgomery, AL 36103-4160**

the attorney for the Plaintiff. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                 _Melissa Rittenous_
                                   CIRCUIT CLERK

Dated: _09/01/05_

FILED 2005 AUG 24 PM 3:47 CIRCUIT COURT OF MONTGOMERY COUNTY

**Certified Article Number**

7160 3901 9848 8110 6598

**SENDERS RECORD**

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHNNIE MAE KING, as Conservator over the *
Estates of EARNEST L. COTTRELL and   *
ROSIE J. COTTRELL,   *
    *
    **Plaintiffs,**   *
    *
**v.**   * Civil Action No.: ___Cv - 0S - 2222___
    *
THE PROVIDENT BANK; et al.   *
    *
    **Defendants.**   *

### SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff attorney pursuant to the Alabama Rules of Civil Procedure.

    **NOTICE TO:**     **Litton Loan Servicing LP**
        **c/o CSC-Lawyers Incorporating Service, Inc.**
        **150 South Perry Street**
        **Montgomery, AL  36104**    D3

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

        **C. Lance Gould**
        **BEASLEY, ALLEN, CROW, METHVIN,**
        **PORTIS & MILES, P.C.**
        **Post Office Box 4160**
        **Montgomery, AL  36103-4160**

the attorney for the Plaintiff.  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                        *Melissa Rittenou*
                        CIRCUIT CLERK

Dated: ___09 / 01 / 05___

2005 AUG 24  3: 47

FILED CIRCUIT COURT OF MONTGOMERY COUNTY

**Certified Article Number**

7160 3901 9848 8110 6642

**SENDERS RECORD**

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHNNIE MAE KING, as Conservator over the   *
Estates of EARNEST L. COTTRELL and   *
ROSIE J. COTTRELL,   *
                                 *
    Plaintiffs,   *
                                 *
v.   * Civil Action No.: _CV-05-2222_
                                 *
THE PROVIDENT BANK; et al.   *
                                 *
    Defendants.   *

## SUMMONS

    This service by certified mail of this summons is initiated upon the written request of Plaintiff attorney pursuant to the Alabama Rules of Civil Procedure.

      **NOTICE TO:**       **C-BASS, LLC**
                        **335 Madison Avenue, 19th Floor**
                        **New York, NY 10017**     D4

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

                **C. Lance Gould**
                **BEASLEY, ALLEN, CROW, METHVIN,**
                **PORTIS & MILES, P.C.**
                **Post Office Box 4160**
                **Montgomery, AL 36103-4160**

the attorney for the Plaintiff. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                  Melissa Rittenour
                                  CIRCUIT CLERK

Dated: _09/01/05_

**Certified Article Number**

**7160 3901 9848 8110 6611**

**SENDERS RECORD**

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JOHNNIE MAE KING, as Conservator over the | * |
| Estates of EARNEST L. COTTRELL and | * |
| ROSIE J. COTTRELL, | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| v. | * Civil Action No.: _Cv - 05 - 2222_ |
| | * |
| THE PROVIDENT BANK; et al. | * |
| | * |
| **Defendants.** | * |

### SUMMONS

    This service by certified mail of this summons is initiated upon the written request of Plaintiff attorney pursuant to the Alabama Rules of Civil Procedure.

    **NOTICE TO:**    **Greenwich Capital Financial Products, Inc.**
                           **c/o Corporation Service Company**
                           **Suite 400**
                           **Wilmington, DE  19808**

D5

*(stamp, right margin:) 2005 AUG 26 PM 3: — FILED CIRCUIT COURT OF MONTGOMERY COUNTY*

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

                **C. Lance Gould**
                **BEASLEY, ALLEN, CROW, METHVIN,**
                **PORTIS & MILES, P.C.**
                **Post Office Box 4160**
                **Montgomery, AL  36103-4160**

the attorney for the Plaintiff.  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                  *Melissa Rittenour*
                                CIRCUIT CLERK

Dated:    **09 | 01 | 05**

**Certified Article Number**
**7160 3901 9848 8110 6635**
**SENDERS RECORD**

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHNNIE MAE KING, as Conservator over the   *
Estates of EARNEST L. COTTRELL and   *
ROSIE J. COTTRELL,   *
  *
      **Plaintiffs,**   *
  *
v.   * Civil Action No.: __CV-05 - 2222__
  *
THE PROVIDENT BANK; et al.   *
  *
      **Defendants.**   *

### SUMMONS

    This service by certified mail of this summons is initiated upon the written request of Plaintiff attorney pursuant to the Alabama Rules of Civil Procedure.

      **NOTICE TO:**      **Provident Consumer Financial Services**
                            **P. O. Box 14329**
                            **Cincinnati, OH  45250**

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

                **C. Lance Gould**
                **BEASLEY, ALLEN, CROW, METHVIN,**
                **PORTIS & MILES, P.C.**
                **Post Office Box 4160**
                **Montgomery, AL  36103-4160**

the attorney for the Plaintiff. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                              _Melissa Rittenour_
                              CIRCUIT CLERK

Dated: ____09/01/05____

**Certified Article Number**

7160 3901 9848 8110 6628

**SENDERS RECORD**

*(stamp, right margin:)* 2005 AUG 26 PM 7 — FILED IN CIRCUIT COURT MONTGOMERY CO

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHNNIE MAE KING, as Conservator over the *
Estates of EARNEST L. COTTRELL and   *
ROSIE J. COTTRELL,   *
  *
  *
    Plaintiffs,   *
  *
v.   * Civil Action No.:   cv - 05 - 2222
  *
THE PROVIDENT BANK; et al.   *
  *
    Defendants.   *

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:      Scott B. Thompson
                    Family Financial and Mortgage Service
                    2261 Congressman Dickinson Drive
                    Montgomery, AL 36109

D7

2005 AUG 26   3:47
FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

                    C. Lance Gould
                    BEASLEY, ALLEN, CROW, METHVIN,
                    PORTIS & MILES, P.C.
                    Post Office Box 4160
                    Montgomery, AL 36103-4160

the attorney for the Plaintiff. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                       _Melissa Rittenour_
                                       CIRCUIT CLERK

Dated:   09/01/05

**Certified Article Number**

7160 3901 9848 8110 6604

**SENDERS RECORD**