# EXHIBIT
# D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES and SONYA ALISON )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HOUSEHOLD FINANCE )<br>CORPORATION OF ALABAMA )<br>)<br>Defendant. | CIVIL ACTION NO. 04-0254-CG-L |

## ORDER

This matter is before the court on plaintiffs' motion to remand (Doc. 5), defendant's response thereto (Doc. 8), and plaintiffs' motion for leave to amend the complaint (Doc. 10). The court finds that plaintiffs' right to relief under state law requires resolution of a substantial question of federal law. Therefore, the court finds that federal question jurisdiction exists in this case and that plaintiffs' motion to remand is due to be DENIED. The court also finds that plaintiffs' motion to amend is due to be GRANTED.

## BACKGROUND

This case arises from a mortgage loan obtained by the Alisons from Household Finance Corporation of Alabama ("Household"). Plaintiffs entered into a mortgage agreement for a second mortgage on their home with the principal amount of $35,000. Plaintiffs allege that Household led them to believe that they would be entering a traditional, closed-end mortgage agreement and that plaintiffs would make regular monthly payments for a term of fifteen years and that the loan would be paid off in

1

full at the end of the term. However, plaintiffs allege that the loan was actually structured a "reverse amortization" whereby the amount of the loan payments required were not sufficient to pay off the principal and accrued interest on the loan over the term of the loan unless a significant balloon payment was made at the end of the term. Plaintiffs allege they did not receive any pre-closing disclosure of terms or a good faith estimate of the costs of the financing. Plaintiffs state that Household did not disclose the amount of the balloon payment required, the applicable interest rate over the entire course of the loan, the total finance charge, the annual percentage rate, or the total amount of payments required over the course of the loan. Plaintiffs made their required payments for 24 months, paying a total of over $12,000 in payments, yet the pay-off balance as of December 2002 was $41,325.76. Plaintiffs complaint seeks compensatory and punitive damages for fraudulent suppression. Subsequent to removal, plaintiffs have moved to amend their complaint to add a federal claim.

## ANALYSIS

### A. Plaintiffs' Motion to Remand

Federal courts are courts of limited jurisdiction; therefore, remand statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). On a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party's burden is heavy. Burns, supra. Plaintiffs have moved to remand based on the allegation that this court does not have federal question jurisdiction over this case because no federal claims are stated in the complaint. The court notes that plaintiffs have now sought leave to amend the complaint to add a federal claim. However, when determining whether a case was properly

2

removed to federal court, a district court may not consider amendments made after removal. Subject matter jurisdiction must be determined at the time of removal. Fuller v. Exxon Corp., 78 F.Supp.2d 1289, 1295 (S.D. Ala. 1999) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938)). Thus, the court must first determine whether it has jurisdiction over the original complaint before the court can address plaintiffs' motion to amend.

The jurisdiction conferred by Article II, Section 2 of the Constitution is codified in part in Title 28, Section 1331 of the United States Code. "The district courts shall have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. And yet, this simple jurisdictional statement "masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." Franchise Tax Board v. Constr.Laborers Vacation Trust, 463 U.S. 1, 8 (1983).

It is a well-settled rule that the plaintiff is the master of his or her complaint. See, e.g., Franklin v. QHG of Gadsden, Inc., 127 F.3d 1024, 1028 (11th Cir. 1997); U.S. v. Jones, 125 F.3d 1418, 1428 (11th Cir. 1997); and Ariail Drug Co., Inc. v. Recomm Int. Display Inc., 122 F.3d 930, 934 (11th Cir 1997). Notwithstanding the plaintiff's right to choose his forum, some actions filed in state court may be removed to federal court on the basis of federal question jurisdiction. As the Supreme Court has noted:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. See Gully v. First Nat'l Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936). The rule makes the plaintiff the

3

master of the claim; he or she may avoid federal jurisdiction by **exclusive** reliance on state law.

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (emphasis added).

The Supreme Court has stated that a cause of action arises under federal law in one of three ways. The most common circumstance is where federal law "creates that cause of action." Franchise Tax Board, supra, 463 U.S. at 8-9, quoting Justice Holmes in American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916). Plaintiffs' fraudulent suppression claim, though dependent upon federal statutes, was clearly not created by federal statutes and therefore this rule does not apply to the facts of the instant case.

A cause of action may also arise where plaintiff's "right to relief under state law requires resolution of a substantial question of federal law." Id. at 13. It is clear that plaintiffs' cause of action requires resolution of a substantial question of federal law, namely whether defendants' conduct amounted to a violation of the Truth-in-Lending Act, 15 U.S.C. §§ 1601 et seq. (TILA). Plaintiffs could not prevail on this claim without proving a violation of this federal statute, and therefore, the court finds that plaintiffs' right to relief under the alleged state-law cause of action requires resolution of a substantial question of federal law. The court finds that it would have had original jurisdiction over this claim had it been filed in federal court, and that therefore removal was proper.

The court notes the recent decision of Hill v. BellSouth Telecomms., Inc., 364 F.3d 1308 (11th Cir. 2004) wherein the Court held that a substantial question of federal law was involved because the plaintiff's state law claims merely implicated a federal judicial doctrine, stating "[w]e conclude that federal question jurisdiction should have attached to Hill's two remaining state-law causes of action

because they implicated the filed rate doctrine." Hill v. BellSouth Telecomms., Inc., 364 F.3d 1308, 1315 (11th Cir. 2004). In the instant case, a substantial question of federal law is clearly involved under existing Eleventh Circuit precedent because plaintiffs' claim is dependent on whether the proper disclosures were given under TILA. In light of the foregoing, the court need not reach the question of whether TILA completely preempts the state cause of action, the third instance in which a case can arise under federal law. Franchise Tax Board, supra, 463 U.S. at 24.

### B. Motion to Amend the Complaint

Having determined that plaintiffs' motion to remand is due to be denied, the court now addresses plaintiffs' motion to amend. The court notes that plaintiffs' motion to amend was timely filed and leave to amend under Rule 15(a) is freely given. In addition, defendant has not objected to the amendment. Therefore, the court finds that plaintiffs' motion for leave to amend is due to be GRANTED.

### CONCLUSION

After due consideration of all matters presented, and in light of the foregoing, plaintiffs' motion to remand (Doc. 5) is **DENIED**.

It is **FURTHER ORDERED** that plaintiffs' motion for leave to amend complaint (Doc. 10) is hereby **GRANTED**.

**DONE** and **ORDERED** this 2nd day of August, 2004.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE