UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNIE MAE KING, as Conservator        )
over the Estates of EARNEST L.           )
COTTRELL and ROSIE J. COTTRELL,          )
                                         )
        Plaintiffs,                      )
                                         )
v.                                       )
                                         )
THE PROVIDENT BANK, FAMILY               )
FINANCIAL AND MORTGAGE                   )        Civil Action No. 2:05-CV-961-W
SERVICE, LITTON LOAN SERVICING           )
LP, C-BASS LLC, GREENWICH                )
CAPITAL FINANCIAL PRODUCTS,              )
INC., PROVIDENT CONSUMER                 )
FINANCIAL SERVICES, and SCOTT            )
THOMPSON,                                )
                                         )
        Defendants.                      )
                                         )
                                         )

ANSWER OF DEFENDANT NATIONAL CITY BANK, THE SUCCESSOR TO
THE PROVIDENT BANK AND ITS DIVISION
PROVIDENT CONSUMER FINANCIAL SERVICES

    While reserving all rights to arbitration, Defendant National City Bank ("National City"),

the successor by merger to The Provident Bank, answers the allegations of the Complaint

("Complaint") of Plaintiff Johnnie Mae King (hereinafter, "Plaintiff"), as Conservator over the

Estates of Earnest L. Cottrell and Rosie J. Cottrell.

    Unless expressly admitted herein, National City denies the material allegations of the

Complaint and demands strict proof thereof.  National City responds to the corresponding

numbered paragraphs of the Complaint as follows:

## ANSWER TO STATEMENT OF THE PARTIES

1.    National City admits that Johnnie Mae King was appointed Conservator of the estates of Earnest L. Cottrell and Rosie J. Cottrell. National City lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Complaint Paragraph 1 and therefore denies those allegations.

2.    Denied. The Provident Bank *was* an Ohio corporation that did business in Alabama. As a result of a merger, The Provident Bank no longer exists as a legal entity. National City is its successor.

3.    National City lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Complaint Paragraph 3 and therefore denies those allegations.

4.    National City lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Complaint Paragraph 4 and therefore denies those allegations.

5.    National City lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Complaint Paragraph 5 and therefore denies those allegations.

6.    National City lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Complaint Paragraph 6 and therefore denies those allegations.

7.    Denied. Provident Consumer Financial Services was a division of The Provident Bank and was a never a separate legal entity.

8.    National City lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Complaint Paragraph 8 and therefore denies those allegations.

9.    Denied. National City notes that fictitious party pleading is not allowed under the Federal Rules of Civil Procedure.

10.     Denied.  National City states that under the artful pleading doctrine, disclaimers that mask federal aspects of a Complaint are ignored.  *See*, *e.g.*, *Ayres v. GMC*, 234 F.3d 514, 517-20 (11th Cir. 2000).

ANSWER TO BACKGROUND FACTS

11.     Denied.

12.     National City lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Complaint Paragraph 12 and therefore denies those allegations.

13.     National City lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Complaint Paragraph 13 and therefore denies those allegations.

14.     National City lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Complaint Paragraph 14 and therefore denies those allegations.

15.     National City admits that Provident made a loan to Earnest Cottrell and that a feature of the loan was a variable interest rate.  National City denies the rest and remainder of allegations contained in Complaint Paragraph 15.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     National City denies that Defendant Litton was ever a servicing agent for The Provident Bank and denies that Defendant Litton ever purchased a property insurance policy through Provident Consumer Financial Services.  National City admits that a property insurance policy was purchased for Mr. Cottrell's property after he failed to provide proof of property insurance coverage, as required by his loan.  National City denies the remainder of the allegations contained in Complaint Paragraph 24 and therefore denies them.

25.     National City denies that Defendant Thompson is or was an agent of The Provident Bank.  National City denies that Defendant Family is or was an agent of The Provident Bank.  National City denies that Litton ever acted as a servicing agent for The Provident Bank.  National City admits that The Provident Bank sold the loan to Greenwich.

<u>ANSWER TO COUNT I</u>

26.     National City restates and incorporates all its preceding answers to the Complaint's allegations, as set forth above.

27.     Denied.

     (a)     Denied.

     (b)     Denied.

     (c)     Denied.

     (d)     Denied.

     (e)     Denied.

     (f)     Denied.

     (g)     Denied.

     (h)     Denied.

28.     Denied.

29.    Denied.

30.    Denied.

31.    Denied.

## ANSWER TO COUNT II

32.    National City restates and incorporates all its preceding answers to the Complaint's allegations, as set forth above.

33.    Denied.

     (a)    Denied.

     (b)    Denied.

     (c)    Denied.

     (d)    Denied.

     (e)    Denied.

     (f)    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

## ANSWER TO COUNT III

37.    National City restates and incorporates all its preceding answers to the Complaint's allegations, as set forth above.

38.    Denied.

39.    Denied.

ANSWER TO COUNT IV

40.    National City restates and incorporates all its preceding answers to the Complaint's allegations, as set forth above.

41.    Denied.

42.    Denied.

ANSWER TO COUNT V

43.    National City restates and incorporates all its preceding answers to the Complaint's allegations, as set forth above.

44.    Denied.

45.    Denied.

ANSWER TO COUNT VI

46.    National City restates and incorporates all its preceding answers to the Complaint's allegations, as set forth above.

47.    Denied.

48.    Denied.

ANSWER TO COUNT VII

49.    National City restates and incorporates all its preceding answers to the Complaint's allegations, as set forth above.

50.    Denied.

51.    Denied.

ANSWER TO COUNT VIII

52.    National City restates and incorporates all its preceding answers to the Complaint's allegations, as set forth above.

53.    Denied.

## ANSWER TO COUNT IX

54.    National City restates and incorporates all its preceding answers to the Complaint's allegations, as set forth above.

55.    National City lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Complaint Paragraph 55 and therefore denies those allegations.

56.    National City lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Complaint Paragraph 56 and therefore denies those allegations.

57.    Denied.

58.    Denied.

59.    Denied.

     (a)    Denied.

     (b)    Denied.

     (c)    Denied.

     (d)    Denied.

## ANSWER TO PRAYER FOR RELIEF

National City denies that Plaintiff is entitled to any relief in this action.  National City denies each and every allegation of the Complaint not previously admitted and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

National City asserts the following affirmative defenses to the allegations contained in the Complaint:

FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every count thereof, separately and severally, fails to state a claim against National City upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

National City avers that it is not guilty of, or liable for, any claims made under the laws of the United States or the laws of Alabama or any other State.

THIRD AFFIRMATIVE DEFENSE

The claims of the Complaint are not set forth with the particularity required under Rule 9 of the Federal Rules of Civil Procedure, and do not give sufficient notice of the nature of the claims.

FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred to the extent that they failed to file an action against National City within the applicable statute of limitations, including, without limitation, Ala. Code §§ 6-2-3 and 6-2-38, 15 U.S.C. 1635(b).

FIFTH AFFIRMATIVE DEFENSE

National City pleads the defense of judicial estoppel.

SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the doctrine of primary jurisdiction, the doctrine of exhaustion of administrative remedies, and other principles of administrative law.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the action described in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by his own negligence, Earnest Cottrell's negligence, Rosie Cottrell's negligence, or the negligence of third parties, Plaintiff's, Mr. Cottrell's, or Mrs. Cottrell's failure to perform due diligence, the failure of third parties to perform due diligence, or other or intervening or supervening causes over which National City had no control and which cannot be the basis for any liability of National City.

## NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by assumption of the risk.

## TENTH AFFIRMATIVE DEFENSE

National City did not accidentally, negligently, recklessly, or intentionally mislead, or make any misrepresentations, or fail to make any disclosure it was obligated to make.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff, Mr. Cottrell, and Mrs. Cottrell did not reasonably rely on any representations made to them by National City.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the doctrine of accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the doctrine of failure of consideration.

## FOURTEENTH AFFIRMATIVE DEFENSE

All of National City's actions were lawful and justified.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the terms of Mr. Cottrell's contracts with National City, and/or by breach or breaches of contract committed by Mr. Cottrell and/or Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the doctrine of merger.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the parol evidence rule and the statute of frauds.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the failure to avoid, minimize, or mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff for damages are barred, in whole or in part, because the Plaintiff suffered no injury, because the Plaintiff's alleged damages, if any, are speculative, and because of the impossibility of the ascertainment of the alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiff, on behalf of Mr. and Mrs. Cottrell, for damages are barred, in whole or in part, because Mr. and Mrs. Cottrell suffered no injury, because the their alleged damages, if any, are speculative, and because of the impossibility of the ascertainment of the alleged damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred by failure to read.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

National City owed no affirmative legal obligation to specifically inform Plaintiff or the Cottrells of things and matters alleged in the Complaint.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

National City denies that National City, or any agent or employee of National City, breached any duty or obligations allegedly owed to Plaintiff or the Cottrells.

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

The claims of Plaintiff are barred, in whole or in part, by the doctrine of waiver.

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

The claims of Plaintiff are barred, in whole or in part, by the doctrine of estoppel.

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

The claims of Plaintiff are barred, in whole or in part, by the doctrine of ratification.

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

The claims of Plaintiff are barred, in whole or in part, by the doctrine of impossibility.

<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

The claims of Plaintiff are barred, in whole or in part, by the doctrine of laches.

<u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

The claims of Plaintiff are barred, in whole or in part, by the doctrine of unclean hands.

<u>THIRTIETH AFFIRMATIVE DEFENSE</u>

The claims of Plaintiff are barred by the doctrine of res judicata, claim preclusion, and/or issue preclusion.

<u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>

The claims of Plaintiff are barred, in whole or in part, by the existence of enforceable contracts that define the rights of the parties.

<u>THIRTY-SECOND AFFIRMATIVE DEFENSE</u>

The claims of Plaintiff are barred by the doctrine of release.

<u>THIRTY-THIRD AFFIRMATIVE DEFENSE</u>

National City avers that it is not guilty of any conduct proximately resulting in any injury or damages to Plaintiff or any individual or estate Plaintiff purports to represent.  National City avers that it is therefore not liable to Plaintiff or any person that Plaintiff purports to represent.

<u>THIRTY-FORTH AFFIRMATIVE DEFENSE</u>

To the extent that Plaintiff seeks to assert claims on behalf of any person or entity who is a party to any agreement concerning arbitration or other alternative dispute resolution, the claims of such persons or entities against National City are subject to the conditions of those agreements.

<u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u>

The claims of Plaintiff are barred to the extent that Plaintiff failed to file an action against National City within the applicable contractual limitation-of-action period.

<u>THIRTY-SIXTH AFFIRMATIVE DEFENSE</u>

The claims of Plaintiff are barred by the doctrine of privilege.

<u>THIRTY-SEVENTH AFFIRMATIVE DEFENSE</u>

National City is not liable under the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Alternative Mortgage Transaction Parity Act, or other relevant laws and regulations governing consumer lending and residential mortgages.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

At all times, National City acted in good faith and complied with the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Alternative Mortgage Transaction Parity Act, and relevant laws and regulations, and did not accidentally, negligently, recklessly, knowingly, or willfully commit any act or directly or indirectly induce any act that created any liability to Plaintiffs.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

National City has never intentionally violated the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Alternative Mortgage Transaction Parity Act, or their accompanying regulations and any failure by National City to comply with the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Alternative Mortgage Transaction Parity Act, or their accompanying regulations has been unintentional and solely the result of a bona fide, clerical, non-material, and/or de minimis error.

## FORTIETH AFFIRMATIVE DEFENSE

National City adopts and incorporates all defenses set forth in 15 U.S.C. § 1601 *et seq.*, 12 U.S.C. § 2601 *et seq.*, 12 U.S.C. § 3801 *et seq.*, and accompanying regulations.

## FORTY-FIRST AFFIRMATIVE DEFENSE

National City at all times acted in good faith and with business justification, and acted based upon records generated by others it reasonably believed to be accurate.

## FORTY-SECOND AFFIRMATIVE DEFENSE

National City acted in good faith and in reliance on information furnished by others at all times relevant to this action.

### FORTY-THIRD AFFIRMATIVE DEFENSE

This action is subject to arbitration if any contract documents concerning the variable-interest loan alleged in Paragraph 15 of the Complaint or the insurance policy alleged in Paragraph 24 of the Complaint contain an applicable arbitration clause.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the placement of collateral insurance upon Mr. Cottrell's property was done lawfully and in conformity with a permanent injunction issued by the United States District Court for Northern District of Alabama in Civil Action No. 95-P-1213-W.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendant National City Bank cannot be vicariously liable for the actions or omissions of co-defendants who are not and never have been National City Bank's agents, servants, or employees.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Any finding of liability against Defendant National City Bank, which is expressly denied, would violate the rights of National City Bank to procedural due process and fundamental fairness under the United States and Alabama Constitutions, because Alabama's law of joint and several liability fails to apportion liability or damages and, as a result, a defendant with only slight or minimal liability can be held responsible for wrongful acts and omissions committed by co-defendants.

### FORTY-SEVENTH DEFENSE

National City acted under officers and agencies with regulatory authority regarding consumer lending and residential mortgages, in conformity with the rules, regulations, interpretations of those officers and agencies, or with the approval of those officers and agencies.

<u>FORTY-EIGHTH AFFIRMATIVE DEFENSE</u>

National City denies that it has been guilty of any conduct that would support an award of punitive damages.

<u>FORTY-NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff is not entitled to an award of punitive damages.

<u>FIFTIETH AFFIRMATIVE DEFENSE</u>

National City asserts all of its procedural defenses to punitive damages.

<u>FIFTY-FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's Amended Complaint fails to allege a claim for which punitive damages can be recovered.

<u>FIFTY-SECOND AFFIRMATIVE DEFENSE</u>

The facts and circumstances of this case do not warrant an award of punitive damages, and the issue of punitive damages should not be submitted to the jury.

<u>FIFTY-THIRD AFFIRMATIVE DEFENSE</u>

The standard or pattern jury instructions on punitive damages are insufficient to protect the legal rights of National City.

<u>FIFTY-FOURTH AFFIRMATIVE DEFENSE</u>

National City asserts all of its statutory defenses to punitive damages.

<u>FIFTY-FIFTH AFFIRMATIVE DEFENSE</u>

Any award of punitive damages that fails to conform to the defenses, criteria, limitations and standards set forth in Ala. Code §§ 6-11-20 through 6-11-25, and 6-11-27 is impermissible.

<u>FIFTY-SIXTH AFFIRMATIVE DEFENSE</u>

Any award of punitive damages in excess of the limitations and criteria set forth in Ala. Code § 6-11-21 is impermissible.

<u>FIFTY-SEVENTH AFFIRMATIVE DEFENSE</u>

National City cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code § 6-11-27.

<u>FIFTY-EIGHTH AFFIRMATIVE DEFENSE</u>

National City asserts all of its constitutional defenses to punitive damages under the United States Constitution and/or any state constitutions, including the Alabama Constitution.

<u>FIFTY-NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Alabama Law would violate the due process rights guaranteed to National City by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

<u>SIXTIETH AFFIRMATIVE DEFENSE</u>

There are inadequate safeguards with respect to the imposition of punitive damages against National City under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States.

<u>SIXTY-FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of punitive damages award, (2) is not

instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate National City's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

SIXTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages based on anything other than National City's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy.

SIXTY-THIRD AFFIRMATIVE DEFENSE

The imposition of punitive damages against National City would improperly penalize National City without the same safeguards afforded to criminal defendants by the constitutions of the United States and the State of Alabama, including, but not limited to, the requirement that every element be proven beyond a reasonable doubt.

<u>SIXTY-FOURTH AFFIRMATIVE DEFENSE</u>

Any award of punitive damages in this case would violate National City's rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the Contract Clause of Article Two of the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama.

<u>SIXTY-FIFTH AFFIRMATIVE DEFENSE</u>

The Alabama punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process.  The system affords juries discretion to impose unlimited punishment without adequate standards. Furthermore, Alabama post-verdict review is not meaningful, consistent, nor constitutionally adequate.

<u>SIXTY-SIXTH AFFIRMATIVE DEFENSE</u>

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express range of penalties established by the legislature.

<u>SIXTY-SEVENTH AFFIRMATIVE DEFENSE</u>

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an

award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to National City's alleged conduct in this matter or to any alleged harm to the Plaintiff and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution.

SIXTY-EIGHTH AFFIRMATIVE DEFENSE

The imposition of punitive damages against National City would constitute an arbitrary and capricious taking of property without due process of law in violation of the constitutions of both the United States and the State of Alabama.

SIXTY-NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages against National City would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against National City based upon its status as a large corporate entity.

SEVENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages against National City cannot be sustained, because an award of damages that exceeds the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth  Amendment as incorporated into the

Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages against National City in this case would violate the Commerce Clause of the Constitution of the United States by placing an undue burden on interstate commerce.

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

National City adopts by reference the defenses, criteria, limitations, and standards governing awards of punitive damages set forth by the Supreme Court of the United States in *Gore v. BMW of North America, Inc.,* 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003).

## SEVENTY-THIRD AFFIRMATIVE DEFENSE

The imposition of punitive damages against National City based upon theories of respondeat superior, agency, vicarious liability or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## SEVENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover damages for alleged mental anguish or emotional distress even if claimed because Plaintiff cannot allege or prove that Earnest or Rosie Cottrell has sustained a physical injury as a result of National City's alleged conduct or was placed in immediate risk of physical harm by that conduct.

SEVENTY-FIFTH AFFIRMATIVE DEFENSE

The rules of evidence as applied by Alabama federal courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

SEVENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover for mental pain, suffering, or anguish, emotional distress, or similar damages, if any, because there is no physical manifestation of the alleged mental anguish and there is no fixed, objective, and/or clear and consistent standard for ascertaining the amount thereof, such that any award of said damages against National City would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6, of the Alabama Constitution, which prohibit deprivation of life, liberty, or property except by due process of law.

SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to National City by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6, and 22 of the Alabama Constitution.  In particular, a mental anguish damage award would violate these constitutional provisions because Alabama juries are given no standard or guideline upon which to rely in calculating mental anguish damage awards.

ADDITIONAL AFFIRMATIVE DEFENSES

National City reserves the right to assert other defenses as discovery proceeds.

Dated: October 13, 2005

<u>s/ Robert K. Spotswood</u>

Robert K. Spotswood (SPO 001)

SPOTSWOOD LLC
ROBERT K. SPOTSWOOD  (SPO 001)
KENNETH D. SANSOM (SAN 047)
JOHN R. PARKER, JR. (PAR 123)

940 Concord Center
2100 3rd Avenue North
Birmingham, AL 35203
Phone:  205-986-3620
Fax:  205-986-3639
E-Mail: rks@spotswoodllc.com

Attorneys for National City Bank

UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNIE MAE KING, as Conservator over the Estates of EARNEST L. COTTRELL and ROSIE J. COTTRELL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE PROVIDENT BANK, FAMILY FINANCIAL AND MORTGAGE SERVICE, LITTON LOAN SERVICING LP, C-BASS LLC, GREENWICH CAPITAL FINANCIAL PRODUCTS, INC., PROVIDENT CONSUMER FINANCIAL SERVICES, and SCOTT THOMPSON, | ) ) ) ) ) ) ) ) | Civil Action No. 2:05-CV-961-W |
| Defendants. | ) ) ) ) | |

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2005, I electronically filed the foregoing ANSWER OF

DEFENDANT NATIONAL CITY BANK, THE SUCCESSOR TO THE PROVIDENT BANK AND

ITS DIVISION, PROVIDENT CONSUMER FINANCIAL SERVICES, with the Clerk of the Court

using the CM/ECF system which will send notification of such filing to the following:

> Jere L. Beasley, Esq.
> W. Daniel Miles, III, Esq.
> C. Lance Gould, Esq.
> BEASLEY, ALLEN, CROW,
>      METHVIN, PORTIS & MILES, P.C.
> P.O. Box 4160
> Montgomery, AL  36103

Richard D. Lively, Esq.
364 E. Main Street
Prattville, Alabama  36067

John T. Bender, Esq.
McFadden, Lyon & Rouse, L.L.C.
718 Downtowner Boulevard
Mobile, Alabama  36609,

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Cara K. Martens, Esq.
Greenwich Capital Financial Products, Inc.
600 Steamboat Road
Greenwich, Connecticut 06830.

DATED: October 13, 2005

/s John R. Parker, Jr.
John R. Parker, Jr. (PAR 123)

SPOTSWOOD LLC.
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
Tel.: (205) 986-3620
Fax: (205) 986-3639
E-Mail: rks@spotswoodllc.com

Attorney for National City Bank