IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JOHNNIE MAE KING, | * |
| as Conservator over the Estates of | * |
| EARNEST L. COTTRELL and | * |
| ROSIE J. COTTRELL, | * |
| | * |
|     Plaintiffs, | * |
| | * |
| v. | *    Civil Action No.: 05-00961 |
| | * |
| THE PROVIDENT BANK; et al., | * |
| | * |
|     Defendants. | * |

**ANSWER OF LITTON LOAN SERVICING, L.P.
AND C-BASS, LLC**

COMES NOW, Litton Loan Servicing, L.P. ("Litton") and C-Bass, LLC ("C-Bass"), some of the Defendants in the above styled cause and in response to Plaintiff's Complaint, show as follows:

ANSWER TO STATEMENT OF PARTIES

    1.    These Defendants lack sufficient information to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's Complaint, therefore, they are denied.

    2.    These Defendants lack sufficient information to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Complaint, therefore, they are denied.

    3.    These Defendants lack sufficient information to form a belief as to the truth of the averments contained in paragraph 3 of Plaintiff's Complaint, therefore, they

are denied.

4. Litton Loan Servicing is a wholly owned subsidiary of C-BASS. C-BASS is also the limited partner of Litton Loan Servicing, LLP.

5. These Defendants lack sufficient information to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiff's Complaint, therefore, they are denied.

6. These Defendants lack sufficient information to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint, therefore, they are denied.

7. These Defendants lack sufficient information to form a belief as to the truth of the averments contained in paragraph 7 of Plaintiff's Complaint, therefore, they are denied.

8. These Defendants lack sufficient information to form a belief as to the truth of the averments contained in paragraph 8 of Plaintiff's Complaint, therefore, they are denied.

9. Denied to the extent that a fictitious party pleading is not allowed under the *Federal Rules of Civil Procedure*.

10. Denied.

## ANSWER TO BACKGROUND FACTS

11. Denied.

12. These Defendants lack sufficient information to form a belief as to the

truth of the averments contained in paragraph 12 of Plaintiff's Complaint, therefore, they are denied.

13. These Defendants lack sufficient information to form a belief as to the truth of the averments contained in paragraph 13 of Plaintiff's Complaint, therefore, they are denied.

14. These Defendants lack sufficient information to form a belief as to the truth of the averments contained in paragraph 14 of Plaintiff's Complaint, therefore, they are denied.

15. These Defendants admit that documents contained in the records of the Probate Court of Montgomery County reflect a mortgage as referred to in this paragraph, and that the record speaks for itself. These Defendants deny the remainder of the averments contained in paragraph 15 of the Complaint.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## Count I

26. These Defendants reallege answers to paragraphs 1 - 25 as if fully set forth herein.

27. Denied.

    (a) Denied.
    (b) Denied.
    (c) Denied.
    (d) Denied.
    (e) Denied.
    (f) Denied.
    (g) Denied.
    (h) Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## Count II

32. These Defendants reallege their answers to paragraphs 1 - 31 of Plaintiffs Complaint as if fully set forth herein.

33. Denied.

    (a) Denied.
    (b) Denied.
    (c) Denied.
    (d) Denied.
    (e) Denied.
    (f) Denied.

34. Denied.

35. Denied.

36. Denied.

### Count III

37. These Defendants reallege their answers to paragraphs 1 -36 of Plaintiffs Complaint as if fully set forth herein.

38. Denied.

39. Denied.

### Count IV

40. These Defendants reallege their answers to paragraphs 1 - 39 of Plaintiffs Complaint as if fully set forth herein.

41. Denied.

42. Denied.

### Count V

43. These Defendants reallege their answers to paragraphs 1 - 42 of Plaintiffs Complaint as if fully set forth herein.

44. Denied.

45. Denied.

### Count VI

46. These Defendants reallege their answers to paragraphs 1 - 45 of Plaintiffs Complaint as if fully set forth herein.

47. Denied.

48. Denied.

### Count VII

49. These Defendants reallege their answers to paragraphs 1 - 48 of Plaintiffs Complaint as if fully set forth herein.

50. Denied.

51. Denied.

### Count VIII

52. These Defendants reallege their answers to paragraphs 1 - 51 of Plaintiffs Complaint as if fully set forth herein.

53. Denied.

### Count IX

54. These Defendants reallege their answers to paragraphs 1 - 53 of Plaintiffs Complaint as if fully set forth herein.

55. These Defendants lack sufficient information to form a belief as to the truth of the averments contained in paragraph 55 of Plaintiffs Complaint, and therefore, they are denied.

56. These Defendants lack sufficient information to form a belief as to the truth of the averments contained in paragraph 56 of Plaintiffs Complaint, and therefore, they are denied.

57. Denied.

58. Denied.

59. Denied.

    (a) Denied
    (b) Denied.
    (c) Denied.
    (d) Denied.

### ANSWER TO PRAYER FOR RELIEF

These Defendants deny that Plaintiff is entitled to any relief in this action. These Defendants deny each and every allegation contained in the Complaint not previously admitted, and demand strict proof thereof.

### **AFFIRMATIVE DEFENSES**

These Defendants show the following as affirmative defenses to the allegations contained in Plaintiff's Complaint:

#### **First Affirmative Defense**

Plaintiff's causes of actions, separately and severally, failed to state a claim against the Defendants upon which relief can be granted.

### Second Affirmative Defense

The Defendants have not committed any wrongful, illegal, or inappropriate act.

### Third Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred based on the doctrines of Waiver, Estoppel, Acquiescence, and/or Statute of Frauds.

### Fifth Affirmative Defense

Plaintiffs failed to mitigate their damages.

### Sixth Affirmative Defense

Plaintiffs claims are barred by the doctrine of contributory negligence.

### Seventh Affirmative Defense

Plaintiff's claims do not entitle them to recover damages for mental anguish.

### Eighth Affirmative Defense

Mental anguish is not a recoverable element of damages arising from a breach of contract.

### Ninth Affirmative Defense

Plaintiff's claims are barred because the alleged damages, if any, are speculative.

### Tenth Affirmative Defense

Plaintiff has suffered no present or actual injury sufficient to support a legal cause of action.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred by Laches.

**Twelfth Affirmative Defense**

Plaintiff's fraud claims are barred because they have not been set forth with requisite specificity.

**Thirteenth Affirmative Defense**

Plaintiffs did not reasonably rely on any representations made to them by these Defendants.

**Fourteenth Affirmative Defense**

Plaintiffs claims are barred by the doctrine of merger.

**Fifteenth Affirmative Defense**

Plaintiffs claims are barred to the extent that they may be subject to arbitration.

**Sixteenth Affirmative Defense**

There exists no privy of contract between these Defendants and Plaintiffs.

**Seventeenth Affirmative Defense**

These Defendants have made no representations upon which Plaintiffs might have reasonably denied.

**Eighteenth Affirmative Defense**

Defendants deny that they have been guilty of any conduct that would allow the Plaintiff to recover punitive damages.

**Nineteenth Affirmative Defense**

Defendants aver any award of punitive damages to Plaintiff in this case would be in

violation of the Constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

## Twentieth Affirmative Defense

The award of punitive or extra contractual damages violates the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States as well as the Constitution of the State of Alabama.

## Twenty-First Affirmative Defense

By virtue of Alabama Code Section 6-11-20 and 6-11-27 (1975), punitive damages are not recoverable against this Defendant.

/S/ John T. Bender  
JOHN T. BENDER (BENDJ9064)  
Attorney for Defendant

OF COUNSEL:

McFADDEN, LYON & ROUSE, L.L.C.  
718 Downtowner Boulevard  
Mobile, Alabama 36609  
(251) 342-9172

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 14th day of October, 2005, served a true and correct copy of the foregoing to counsel of record by placing a copy of same in the United States mail properly addressed, and first class postage prepaid.

**COUNSEL OF RECORD:**

Robert K. Spotswood, Esq.
Kenneth D. Sansom, Esq.
John Parker, Esq.
SPOTSWOOD, LLC
940 Concord Center
2100 3rd Avenue, North
Birmingham, Alabama 35203

Jere L. Beasley, Esq
W. Daniel Miles, III, Esq.
C. Lance Gould, Esq.
BEASLEY, ALLEN, CROW,
    METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103

Cara K. Martens
600 Steamboat road
Greenwich, CT 06830

Richard Dale Lively
364 East Main Street
Prattville, Alabama 36067

/S/ John T. Bender
JOHN T. BENDER