# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# MONTGOMERY DIVISION

| | | |
|---|---|---|
| JOHNNIE MAE KING, as Conservator Over the Estates of EARNEST L. COTTRELL and ROSIE J. COTTRELL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:05-CV-00961-SRW |
| THE PROVIDENT BANK, FAMILY FINANCIAL AND MORTGAGE SERVICE, LITTON LOAN SERVICING LP, C-BASS LLC, GREENWICH CAPITAL FINANCIAL PRODUCTS, INC., PROVIDENT CONSUMER FINANCIAL SERVICES, and SCOTT THOMPSON, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S MOTION TO DISMISS

In their Complaint, Plaintiffs attempt to assert nine separate claims against all of the Defendants, including Greenwich Capital Financial Products, Inc. ("Greenwich"). These claims fall into four basic categories: (1) claims based on alleged misrepresentations and omissions allegedly made to induce Plaintiffs to refinance their house through a variable rate mortgage, to conceal settlement costs

associated with and added to the variable rate mortgage, and to insure the house with a policy whose premiums were added to the mortgage (collectively the "Refinancing Transaction")[1]; (2) claims based on the alleged "hiring, training and supervision" of Defendant Scott Thompson ("Thompson")[2]; (3) claims based on alleged "negligent" or "wanton" contracting with the allegedly incompetent Plaintiffs[3]; and (4) slander of title resulting from recordation of the mortgage arising from the Refinancing Transaction.[4]

Each of the Counts set forth in the Complaint are alleged against all of the "Defendants." The only allegation contained in the Complaint that specifically references the conduct of Defendant Greenwich, however, is that "**After the loan was taken out with Defendant Provident**, **Provident sold and assigned all interest in Plaintiff Earnest Cottrell's loan to Defendant Greenwich.**" Complaint at ¶ 25 (emphasis added). From the face of the Complaint, it is clear that Defendant Greenwich did not participate in the Refinancing Transaction in any way, never employed Defendant Thompson in any capacity, did not file the documents that are the subject of the slander of title claim and did not contract

---

[1] See Complaint at Counts I, II, VII and VIII.

[2] See Complaint at Counts III and IV.

[3] See Complaint at Counts V and VI.

[4] See Complaint at Count IX.

2

directly with the allegedly incompetent Plaintiffs. Moreover, Plaintiffs have failed to allege that Defendant Greenwich made any misrepresentations to Plaintiffs. Therefore, Plaintiffs have failed to state a claim against Defendant Greenwich upon which relief may be granted and failed to plead fraud with the requisite particularity and dismissal of Plaintiffs' claims is warranted under Fed. R. Civ. P. 12(b)(6) and 9(b).

## I.   PLAINTIFFS' FACTUAL ALLEGATIONS

### A.   Alleged Misconduct in Connection With the Refinancing Transaction

Plaintiffs allege that they were "solicited by Defendant Thompson, while acting as agent for Defendant Family, to take out a loan secured by a mortgage [on their home] ... with Defendant Provident" ( i.e. the "Refinancing Transaction").[5] Complaint at ¶ 15. Plaintiffs further allege that Defendant Thompson made certain representations to Plaintiffs regarding the financial advantages of such a loan. Id. at ¶ 16. Plaintiffs then allege that "Defendants," without specifying which Defendants, engaged in the following conduct:

- "gave financial advice to Plaintiff Earnest Cottrell concerning the structure of his loan and refinancing the FHA loan." Complaint at ¶ 18;

---

[5] Upon information and belief, the underlying documents that were executed in connection with the Refinancing Transaction included an arbitration provision that may require that this action be dismissed or stayed and that Plaintiffs' claims be submitted to binding arbitration. Defendant Greenwich is in the process of attempting to obtain a copy of these documents. As soon as these records are obtained, and if the terms thereof warrant under existing law, Defendant Greenwich reserves the right to move for dismissal or a stay of Plaintiffs' claims and to compel arbitration thereof in the appropriate forum.

- "nurtured a relationship of trust in which Plaintiff Earnest Cottrell was led to believe he could rely on Defendants for sound advice about organizing his finances." Id. at ¶ 20;

- "engaged in deceptive practices to induce Plaintiff Earnest Cottrell to take out or refinance his loan with higher interest rates, cost and fees." Id. at ¶ 20;

- "failed to disclose the required payment of substantial loan fees and closing costs involved with loans with Defendants." Id. at ¶ 21; and

- "Excessively high closing costs and service charges are also charged by Defendants in order to bloat the loans. Defendants did not explain or disclose these junk fees to Plaintiff Earnest Cottrell." Id. at ¶ 22.

Plaintiff further alleges that Defendant Litton "forced placed a property insurance policy on [Plaintiffs'] property" and "added the cost of the policy to the loan." Complaint at ¶ 24.

These and similar allegations regarding alleged conduct that led up to the Refinancing Transaction form the basis for Plaintiffs' claims for "Fraudulent Misrepresentation and/or Omission" (Counts I and II), "Unconscionability" (Count VII) and "Unjust Enrichment" (Count VIII). Plaintiffs seek compensatory damages, punitive damages and costs from Defendants as a result of this alleged misconduct. Id. at Counts I-II, VII and VIII.

B.   **Alleged Negligent and Wanton Hiring of Thompson**

Plaintiffs allege that Defendants have engaged in "negligent" and "wanton hiring, training and supervision of Defendant Thompson." Complaint at ¶¶ 38, 41. Plaintiffs contend that they are entitled to a judgment against Defendants for compensatory and punitive damages, and costs resulting from this alleged misconduct. Id. at Counts V and VI.

C.   **Allegations Regarding Contracting With Mentally Incompetent Individuals**

Counts V and VI of the Complaint purport to allege claims for "negligent" and "wanton contracting with a mentally incompetent individual, Ernest Cottrell." Complaint at ¶¶ 44, 47. Plaintiffs claim that they are entitled to a judgment "in such an amount of compensatory damages as a jury may award, a separate amount as punitive damages, and their costs" as a result of this alleged "negligent" and "wanton" contracting. Id. at Counts V and VI.

D.   **Alleged Slander of Title**

Plaintiffs allege that Defendants "recorded a mortgage in Lowndes County Courthouse stating that Defendant Provident had a property interest in Plaintiff Rosie Cottrell's property…" Complaint at ¶ 56. Plaintiffs contend that this "false assertion" caused Plaintiffs to incur "special damages." Id. at ¶ 59.

E.  **Defendant Greenwich's Late Arrival on the Scene**

Other than an allegation regarding corporate status (Complaint at ¶ 6), the **only** allegation in the Complaint that specifically refers to Defendant Greenwich is as follows:

> **After the loan was taken out with Defendant Provident**, Provident sold and assigned all interest in Plaintiff Earnest Cottrell's loan to Defendant Greenwich.

Id. at ¶ 25 (emphasis added). It is clear from the face of the Complaint that Defendant Greenwich had no involvement in the Refinancing Transaction or the events, discussions or negotiations leading up thereto. According to Plaintiffs' allegations, Defendant Greenwich did not even become involved in Plaintiffs' loan until *after* these alleged events transpired. Simply put, Plaintiffs have not and cannot allege that Defendant Greenwich ever had any contact or communications with Plaintiffs that form the basis of any of the causes of action alleged in the Complaint.

## II. ARGUMENT AND CITATION OF AUTHORITY

A.  **Standard for a Motion to Dismiss: Plaintiffs' Allegations Are Legally Insufficient**

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), "the plaintiff's factual allegations are accepted as true." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). However, the Court "need only accept

6

'well-pleaded facts' and 'reasonable inferences drawn from those facts.'" Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003) (citation omitted). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Id.; accord Davila, 326 F.3d at 1185 ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."). Based on these well-established principles, Plaintiffs' Complaint fails to set forth any facts that can support a claim against Defendant Greenwich. Plaintiffs' Complaint is thus legally deficient and must be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

B.  **Defendant Greenwich Was Not Involved in Any of the Alleged Events or Misconduct Related to the Refinancing Transaction**

Plaintiffs' fraud, unjust enrichment and unconscionability claims are based entirely on alleged misconduct which led up to and was part of the Refinancing Transaction. Based on the unambiguous allegations of Plaintiffs' Complaint, however, Defendant Greenwich purchased Plaintiffs' loan from Defendant Provident **after** all of the alleged events and misconduct that allegedly gave rise to Plaintiffs' fraud, unjust enrichment and unconscionability claims took place. Complaint at ¶ 25. As such, Plaintiffs have not and cannot allege that Defendant Greenwich engaged in any conduct, discussions or negotiations that led to the

7

Refinancing Transaction. Therefore, Counts I, II, VII and VIII of Plaintiffs' Complaint must be dismissed for failure to plead facts sufficient to support the claims set forth therein.

### C. Plaintiffs Have Failed to Plead Fraud With the Requisite Particularity Against Defendant Greenwich

To survive a motion to dismiss, Plaintiffs must plead <u>with particularity</u> all the elements of a common law fraud claim. Fed. R. Civ. P. 9(b). Specifically, Plaintiffs must allege:

> (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud.

<u>Brooks v. Blue Cross & Blue Shield of Florida, Inc.</u>, 116 F.3d 1364, 1380-81 (11th Cir. 1997) (citations omitted); <u>accord</u> <u>McAllister Towing & Transp. Co., Inc. v. Thorn's Diesel Serv., Inc.</u>, 131 F. Supp. 2d 1296, 1300 (M.D. Ala. 2001).

The particularity rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" <u>Brooks</u>, 116 F.3d at 1370-71 (citations omitted).

"[I]n a case involving multiple defendants ... 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" <u>Id.</u> (citing

DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987)); see also Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'"); Balabanos v. N. Am. Inv. Group, Ltd., 708 F. Supp. 1488, 1493 (N.D. Ill. 1988) (stating that in cases involving multiple defendants "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant.").

In the current case, Plaintiffs have not alleged a single misrepresentation made by Defendant Greenwich. Plaintiffs have also improperly sought to avoid the pleading requirements of Rule 9(b) by lumping Defendant Greenwich in with all of the other Defendants and alleging that "Defendants" as a group made certain misrepresentations and omissions. See, e.g., Complaint at ¶ 27 ("Defendants represented that [Plaintiffs] would save money when refinancing …"; "Defendants failed to disclose the required payment of substantial loan fees and closing costs …"; "Defendants led [Plaintiffs] to believe that it would cost [them] less money by refinancing …"). As stated above, however, Plaintiffs' allegations establish that Defendant Greenwich was not involved with Plaintiffs' loan until after these events allegedly took place. Complaint at ¶ 25. Therefore, Plaintiff has not and cannot

9

plead fraud with the requisite specificity against Defendant Greenwich and Counts I and II of the Complaint should be dismissed.

D.  **Defendant Greenwich Never Employed Defendant Thompson in Any Capacity**

According to Plaintiffs' allegations, Defendant Thompson was "acting as agent for Defendant Family" when he allegedly induced Plaintiffs to enter into the Refinancing Transaction. Complaint at ¶ 15. Plaintiffs have not and cannot allege that Defendant Greenwich ever employed Defendant Thompson in any capacity whatsoever. Therefore, Plaintiffs have failed to allege sufficient facts to support any claim of "negligent" or "wanton hiring, training [or] supervision" against Defendant Greenwich and Counts III and IV of Plaintiffs' Complaint must be dismissed.

E.  **Defendant Greenwich Never Contracted Directly With Plaintiffs**

Plaintiffs allege that they are entitled to damages as a result of Defendants' allegedly "negligent" or "wanton contracting with a mentally incompetent individual, [Plaintiff] Ernest Cottrell." Complaint at ¶¶ 45 and 47. First, no such cause of action exists under Alabama law. Second, even if such a cause of action did exist, Plaintiffs have acknowledged in their Complaint that Defendant Greenwich did not contract directly with them, but rather purchased their loan from Defendant Provident. Complaint at

¶ 25. Therefore, Counts V and VI of Plaintiffs' Complaint against Defendant Greenwich should be dismissed for failure to state a claim on which relief may be granted.

F.  **Defendant Greenwich Did Not File Any Documents That Form the Basis of Plaintiffs' Slander of Title Claim**

Plaintiffs' slander of title claim is based on the allegation that "Defendants recorded a mortgage in the Lowndes County Courthouse stating that Defendant Provident had a property interest in [Plaintiffs' property]." Complaint at ¶ 56. Plaintiffs have not and cannot allege that Defendant Greenwich filed the contested record. Moreover, Plaintiffs have alleged that Defendant Greenwich did not become involved with Plaintiffs' loan until <u>after</u> Defendant Greenwich purchased the loan from Defendant Provident. Complaint at ¶ 25. Therefore, Plaintiffs have failed to state a cause of action against Defendant Greenwich for slander of title and Count IX of Plaintiffs' Complaint must be dismissed.

### III.  **CONCLUSION**

For the foregoing reasons, Defendant Greenwich respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and failure to plead fraud with the particularity required by Fed. R. Civ. P. 9(b).

Respectfully submitted this 14th day of October, 2005.

        WARGO & FRENCH LLP

        */s/ Windy A. Hillman*

        MICHAEL S. FRENCH
        (Pro hac vice applicant)
        Georgia Bar No. 276680
        WINDY A. HILLMAN (HIL 038)
        Georgia Bar No. 355045

        1170 Peachtree Street, N.E.
        Suite 2020
        Atlanta, Georgia 30309
        (404) 853-1500
        (404) 853-1501 (facsimile)

        Counsel for Defendant
        Greenwich Capital Financial Products, Inc.

## CERTIFICATE OF SERVICE

This certifies that I have this day served a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S MOTION TO DISMISS** upon the parties and counsel of record by U.S. Mail, postage pre-paid, addressed as follows:

Jere L. Beasley, Esq.
W. Daniel Miles, III, Esq.
C. Lance Gould, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160

Richard D. Lively, Esq.
364 E. Main Street
Prattville, AL 36067

John T. Bender, Esq.
McFadden, Lyon & Rouse, L.L.C.
718 Downtowner Boulevard
Mobile, AL 36609

Robert K. Spotswood
Spotswood LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 352033

This 14th day of October, 2005.

WINDY A. HILLMAN (HIL038)