UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE MAE KING, as Conservator over the Estate of EARNEST L. COTTRELL and ROSIE J. COTTRELL, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 2:05-CV-0961-W ) |
| THE PROVIDENT BANK, FAMILY FINANCIAL AND MORTGAGE SERVICE, LITTON LOAN SERVICING LP, C-BASS LLC, GREENWICH CAPITAL FINANCIAL PRODUCTS, INC., PROVIDENT CONSUMER FINANCIAL SERVICES, and SCOTT THOMPSON, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM BRIEF
IN SUPPORT OF MOTION TO REMAND**

Come now the Plaintiffs, Johnnie Mae King as Conservator over the Estate of Earnest L. Cottrell and Rosie J. Cottrell, by and through their undersigned counsel of record and submit this memorandum brief in support of their Motion to Remand this case back to the Circuit Court of Montgomery County, Alabama.

### Introduction

Plaintiffs instituted this state court action against Defendants The Provident Bank, Family Financial and Mortgage Service, Litton Loan Servicing LP, C-Bass LLC, Greenwich Capital Financial Products, Inc., Provident Consumer Financial Services, and Scott Thompson when the Complaint was filed in the Circuit Court of Montgomery County, Alabama. Plaintiffs could not have originally filed this action in federal court. In their Notice of Removal, Defendants assert

this Court has federal question jurisdiction. Plaintiffs oppose this removal and by way of their Motion to Remand, respectfully submit that the removal was improper and this case is due to be remanded to the Circuit Court of Montgomery County, Alabama.

Plaintiffs' Complaint contains claims for fraudulent misrepresentation and/or omission; negligent and wanton hiring, training and supervision; negligent and wanton contracting with a mentally incompetent individual; unconsciounability; unjust enrichment and slander of title. The Complaint states, "Plaintiffs' claims are brought solely under Alabama law and Plaintiffs state they do not bring any claim and/or disclaim any and all claims under any federal laws, statutes or regulations." (See Complaint ¶ 10). Plaintiffs' Complaint alleged that the various Defendants, participating in different ways, misrepresented or omitted facts in order to induce them to refinance their house into a variable rate mortgage while paying off a FHA loan which contained favorable terms such as a fixed percentage rate of 8.75% and payments that were subsidized by the FHA. Defendants gave financial advice to Plaintiff Earnest Cottrell concerning the structure of his loan and refinancing the FHA loan and fraudulently misrepresented and/or suppressed the detrimental affect of refinancing the FHA loan. Plaintiff Earnest Cottrell alleged that Defendant Thompson advised him that it would be in his best interest to refinance the FHA fixed rate loan and take out a variable interest rate loan. Additionally, Plaintiff Earnest Cottrell alleged that Defendants failed to adequately explain to him the manner in which property insurance would be incurred and charged to him. Plaintiffs' claims are brought solely under Alabama law.

### Standard of Review

Federal courts are courts of limited jurisdiction. *See, e.g.,* <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir.1994); <u>Wymbs v. Republican State Executive Comm.</u>,

719 F.2d 1072, 1076 (11th Cir.1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See* Kokkonen, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *See* Burns, 31 F.3d at 1095.

### There is No Federal Question Jurisdiction Based on Federal Consumer Protection Statutes

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that this court has subject matter jurisdiction over an action. *See* Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction). Defendants argue that removal is proper because the court has federal question jurisdiction. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treatises of the United States. *See* 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. *See* Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed.2d 318 (1987).

If the face of the plaintiff's complaint reveals no issue of federal law, there is no federal question jurisdiction. Caterpillar v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("The rule makes the plaintiff the master of his claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). In Franchise Tax Board, the Supreme Court stated that although a plaintiff's cause of action is created by state law, the "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to

3

relief under state law requires resolution of a substantial question of federal law in dispute between the parties." 463 U.S. at 13.

There are, however, exceptions to the well-pleaded complaint rule. One exception to the well-pleaded complaint rule is the doctrine of complete or super preemption. Id. at 393, 107 S.Ct. 2425. Defendants' Notice of Removal does not rely on this exception. Although Plaintiffs' do not address whether complete preemption would apply in this case, Plaintiffs note, that district courts have over whelmingly concluded that TILA does not preempt state law. [1]

Another exception to the well-pleaded complaint rule, and the exception upon which Defendants rely, is that a plaintiff cannot avoid federal jurisdiction by "omitting to plead necessary federal questions in a complaint." Franchise Tax Board v. Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (citations omitted). In Franchise Tax Board, the Supreme Court stated that although a plaintiff's cause of action is created by state law, the "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Id. at 13, 103 S.Ct. 2841. In other words, "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Id.

---

[1] Walker v. Commercial Credit Corp., 192 B.R. 260, 265-266 (M.D.Ala.1996) (Albritton, J.)(Moreover, state law claims are not displaced by the TILA, and the TILA's jurisdictional and civil enforcement provisions are not as extensive as those of the LMRA or ERISA. Thus, the TILA does not completely preempt state law claims within its scope, and there is no authority for removing state law claims to federal court on the basis of the TILA.); Jackson v. Bank One, 952 F.Supp. 734, (M.D.Ala.1996) (DeMent, J.); Anderson v. Household Finance Corp. of Alabama, 900 F.Supp. 386, 388-389 (M.D.Ala.1995) (DeMent, J.); McCrae v. Commercial Credit Corp., 892 F.Supp. 1385, 1386-1387 (M.D.Ala.1995) (DeMent, J.). Greer v. Majr Financial Corporation, 105 F.Supp.2d 583, 590, (S.D. Miss. 2000); Easterling v. Gulf Guaranty Ins. Co., 60 F.Supp.2d 586 (S.D. Miss 1999); Allen v. City Finance, 224 B.R. 347 (S.D. Miss. 1998).

In order for a state-law claim to raise substantial questions of federal law, "[federal] law must be an essential element of the plaintiff's claim[, and] the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." Mobil Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986). In other words, the state-law claim must "really and substantially involve[] a dispute or controversy respecting the validity, construction or effect of [federal] law." Mobil Oil, 671 F.2d at 422.

The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal subject matter jurisdiction--the implicated federal issue must be substantial. Franchise Tax Bd., 463 U.S. at 13, 103 S.Ct. at 2848. For example, it is now well established that federal jurisdiction is not created by the mere fact that proof of violation of a federal statute is an element of a plaintiff's state-law cause of action. *See* Merrell Dow, 478 U.S. at 814, 106 S.Ct. at 3235 (holding that a federal question was not raised by the mere fact that proof of violation of the federal Food, Drug and Cosmetic Act was a necessary element of the plaintiff's state-law tort claim); Jairath v. Dyer, 154 F.3d 1280, 1283 (11th Cir. 1998) (concluding that removal jurisdiction was improperly exercised because proof of violation of the Americans with Disabilities Act, although a necessary element of the plaintiff's state-law discrimination claim, was an insufficiently substantial federal question); *see also* City of Huntsville v. City of Madison, 24 F.3d 169, 174 (11th Cir. 1994).

Here, Plaintiffs' claims do not require proof of violation or an interpretation of federal law. Indeed, the only potential issue involving federal law is whether Defendants' disclosures complied with the terms of TILA, RESPA, Regulation X and Z. Plaintiffs have not alleged that

the disclosures do not comply with these regulations. This issue would be raised only as a defense to Plaintiffs' state law claims. Accordingly, this Court does not have subject matter jurisdiction on this ground.

Plaintiffs' claims are simply garden-variety fraud claims and may not be recast and rewritten by Defendants to state a claim under TILA, RESPA or Regulation X and Z. As the masters of their complaint, Plaintiffs have chosen to rely exclusively on state law claims. Plaintiffs have explicitly repudiated any claim they may have under federal law. (See Complaint ¶ 10). Plaintiffs' complaint alleged that defendants misrepresented and/or suppressed material facts relating to the loan at issue. This is a state law claim for fraudulent misrepresentation and suppression. Simply, because Defendants were required by TILA or other regulations to disclose certain facts does not mean that the Plaintiffs have stated a claim under TILA.

Several Alabama federal district courts have held that simply because plaintiffs' fraud claims may "involve application of the Truth-In-Lending Act" does not mean that the complaint presents a federal question sufficient to support removal jurisdiction. In each instance the case was remanded to state court. In McCrae v. Commerical Credit Corp., 892 F. Supp. 1385 (M.D. Ala. 1995), the plaintiffs alleged that the defendants had misrepresented and failed to disclose the cost of refinancing certain loans and that credit insurance was included on the loans. The defendants removed the case to federal court contending that the plaintiffs' claim for relief necessarily involved application of TILA. In remanding the case to state court, the district court found that the defendants failed to establish that the plaintiff's complaint on its face had pled a federal question.

Judge DeMent addressed the same issue presented by Defendants in Anderson v. Household Finance Corp. of Alabama, 900 F.Supp. 386, 388-389 (M.D.Ala.1995). In Anderson,

the defendant contended that the plaintiff's claim for relief involved the application of TILA, and its implementing Regulation Z. In essence, the defendant contended that while the plaintiff had not pleaded a violation of TILA, TILA controlled in the action. Specifically, the defendant stated the cause of action had been composed in terms of the TILA. The plaintiff even stated in the amended complaint that the defendant's actions violated "federal and state laws." However, the plaintiff asserted that he was seeking relief only under state law, thus, precluding removal based upon federal laws and regulation.

In holding that the plaintiff's right to relief did not depend on the resolution of a substantial question of federal law, the court stated:

> The court does not believe that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims. The court finds that the mere mention of the words "federal laws" does not confer the court with federal-question jurisdiction, particularly when a commonsense reading of the complaint and amended complaint reflects the pleading of state law claims. The causes of action are supported by alternative theories of state law, and the TILA is not essential to any of those theories. The alternative theories of state law include fraud, misrepresentation, suppression of material facts, and fraud in continuing to receive payments. These are state law claims the determination of which must be left to the state court system.

Id. at 389. In the present case, it is without question that Plaintiffs, on the face of their complaint, disclaim any and all federal remedies.

In Walker v. Commercial Credit Corp., 192 Bankr. 260 (M.D. Ala. 1996), the plaintiffs alleged that the defendants fraudulently failed to disclose that plaintiffs were paying excessive and unnecessary fees and charges on refinanced loans. Defendants removed the case on several theories, one of which was the plaintiffs' claims presented a federal question because the claim required application of TILA. The district court remanded the case. The court noted that plaintiff's complaint did not mention TILA in any manner and only alleged state law fraud

claims.

In <u>Glenn v. Fidelity Financial Services, Inc. of Ala.</u>, 1996 U.S. Dist. LEXIS 1835 (S.D. Ala., Feb. 1, 1996) (Attached as Exhibit A), plaintiffs alleged numerous fraud claims with respect to certain consumer credit transactions to finance the purchase of automobiles. The defendants removed the case on several theories, one of which was federal question jurisdiction. Defendants contended that plaintiff's state law claims were based on TILA. The district court remanded the case:

> Defendants contend that plaintiffs have artfully pled their causes of action to disguise two claims which give rise to federal-question jurisdiction. First, defendants, argue that plaintiffs' fraud claims arise under the Truth in Lending Act ("TILA") 15 U.S.C. § 1601, et seq., because disclosure of finance charges in consumer contracts is required by TILA as in the manner in which those charges must be calculated and disclosed. However, the mere existence of a federal cause of action does not compel the exercise of federal jurisdiction. A plaintiff may choose to proceed exclusively under state law and thereby avoid federal jurisdiction <u>Caterpillar</u>, 482 U.S. at 392.
>
> Plaintiffs in this case have chosen to rely on state law claims for fraud and misrepresentation. Alabama law gives rise to claims for fraud and misrepresentation which are completely independent of TILA. See <u>Jones v. Mercury Finance Co. of Alabama</u>, Civil Action No. 94-0739 (S.D. Ala. Dec. 13, 1994). Consequently, these claims cannot be considered a basis for federal-question jurisdiction.

1996 U.S. Dist. LEXIS 1835, *8.

Plaintiffs' complaint alleges only state law causes of action that do not require resolution of substantial federal questions. As the masters of their complaint, Plaintiffs have chosen to rely exclusively on state law claims. For that reason alone, this case should be remanded to state court.

8

## Conclusion

For the reasons discussed, there are only state law claims brought in this case and there is no federal question-jurisdiction. Therefore, this case is due to be remanded to the Circuit Court of Montgomery, Alabama.

Respectfully submitted this the 7th day of November, 2005.

                                                /s/ Charles Lance Gould
                                                Charles Lance Gould (GOU007)
                                                Attorney for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103
Tel:   (334) 269-2343
Fax:  (334) 954-7555

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a true and correct copy of the foregoing document upon all counsel of record as listed below by placing the same in the United States mail, properly addressed and first class postage prepaid on this the __7th__ day November, 2005.

                                                  /s/ Charles Lance Gould
                                                  OF COUNSEL

John Robert Parker, Jr.
Kenneth Daniel Sansom
Robert Keeling Spotswood
Spotswood LLC
2100 Third Avenue, North
Concord Center, Suite 940
Birmingham, AL 35203
205-986-3620
Fax: 986-3639
Email: ksansom@spotswoodllc.com

Richard Dale Lively
364 East Main Street
Prattville, AL 36067
334-491-4911
Fax: 491-4922
Email: richarddlively@aol.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

John Thomas Bender
McFadden, Lyon & Rouse, LLC
718 Downtowner Boulevard
Mobile, AL 36609
(251) 342-9172
Fax: 251-342-9457
Email: jbender@mlrlawyers.com

Cara Kate Martens
Greenwich Capital Markets Inc
600 Steamboat Rd
Greenwich, CT 06830
203.618.6260
Fax: 203-422-4548

Michael Scott French
Wargo & French LLP
1170 Peachtree St NE
Suite 2020
Atlanta, GA 30309

Windy Angela Hillman
John Robert Parker, Jr.
Kenneth Daniel Sansom
Robert Keeling Spotswood
Richard Dale Lively
Wargo & French LLP
1170 Peachtree St NE
Suite 2020
Atlanta, GA 30309