UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE MAE KING, as Conservator over the Estate of EARNEST L. COTTRELL and ROSIE J. COTTRELL, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 2:05-CV-0961-W ) |
| THE PROVIDENT BANK, FAMILY FINANCIAL AND MORTGAGE SERVICE, LITTON LOAN SERVICING LP, C-BASS LLC, GREENWICH CAPITAL FINANCIAL PRODUCTS, INC., PROVIDENT CONSUMER FINANCIAL SERVICES, and SCOTT THOMPSON, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE DEFENDANT GREENWICH FINANCIAL PRODUCT, INC.'S MOTION TO DISMISS**

COME NOW the Plaintiffs, pursuant to the Court's November 14, 2005 Order and file this Response to Defendant Greenwich Capital Financial Product, Inc.'s ("Greenwich") Motion to Dismiss. Plaintiffs previously filed a motion to stay any action to Defendant Greenwich's Motion to Dismiss pending the outcome of the Plaintiffs' Motion to Remand on the grounds that if Plaintiffs' Motion to Remand is granted, this Court would not ever have had subject matter jurisdiction over the matters currently before it and all of the rulings by this Court would be null and void. Pursuant to the Court's Order, Plaintiffs submit the following in Response to Defendant Greenwich's Motion to Dismiss:

## STATEMENT OF FACTS

Plaintiffs instituted this state court action against Defendants The Provident Bank, Family Financial and Mortgage Service, Litton Loan Servicing LP, C-Bass LLC, Greenwich, Provident Consumer Financial Services, and Scott Thompson when the Complaint was filed in the Circuit Court of Montgomery County, Alabama. Plaintiffs' Complaint contains claims for fraudulent misrepresentation and/or omission; negligent and wanton hiring, training and supervision; negligent and wanton contracting with a mentally incompetent individual; unconsciounability; unjust enrichment and slander of title. Plaintiffs' Complaint alleged that the various Defendants, participating in different ways, misrepresented or omitted facts in order to induce them to refinance their house into a variable rate mortgage while paying off a FHA loan which contained favorable terms such as a fixed percentage rate of 8.75% and payments that were subsidized by the FHA. Defendants gave financial advice to Plaintiff Earnest Cottrell concerning the structure of his loan and refinancing the FHA loan and fraudulently misrepresented and/or suppressed the detrimental affect of refinancing the FHA loan. Plaintiff Earnest Cottrell alleged that Defendant Thompson advised him that it would be in his best interest to refinance the FHA fixed rate loan and take out a variable interest rate loan. Additionally, Plaintiff Earnest Cottrell alleged that Defendants failed to adequately explain to him the manner in which property insurance would be incurred and charged to him.

Plaintiffs alleged that "After the loan was taken out with Defendant Provident, Provident sold and assigned all interest in Plaintiff Earnest Cottrell's loan to Defendant Greenwich." (Complaint ¶ 25). As owner of the loan, Defendant Greenwich has

received and retained payments made by Plaintiffs on the loan. As owner of the note, Defendant Greenwich can attempt to foreclose on the Plaintiffs' home just like they threatened in May of 2004. (See Exhibit "A"). Defendant Greenwich holds money which belongs to Plaintiffs in that the contract, upon which Plaintiffs made payments, was induced by fraud and is void due to Plaintiff Earnest Cottrell's mental incompetence.

## STANDARD OF REVIEW

"The appropriate standard for deciding to dismiss a claim is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim. All facts set forth in the complaint are to be accepted as true, and the court limits its consideration to the pleadings and exhibits attached hereto." McFarland v. Folsom, 854 F. Supp. 862, 869 (M.D. Ala. 1994)(internal citations omitted). " Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. "Accordingly, the court may dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Id. (quoting Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993)). Though the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low,…..to survive a motion to dismiss, a plaintiff must do more than merely 'label' his claims," Wald v. United States, 2002 U.S. Dist. LEXIS 3970, at *4 to *5 (S.D. Fla. 2002)(citations omitted).

## ARGUMENT

Defendant Greenwich requested that this Court dismiss Plaintiffs' Complaint against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief

can be granted and for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b). Defendant Greenwich contends that it did not participate in the refinancing of the transaction in any way, never employed Defendant Thompson in any capacity, did not file the documents that are subject of the slander of title claim and did not contract directly with the allegedly incompetent Plaintiffs. Based on this, Defendant Greenwich requested that the Court dismiss Plaintiffs' Complaint with prejudice for failure to state a claim upon which relief can be granted and failure to plead fraud with particularity.

As the Court is aware, no discovery has been conducted in this matter. Therefore, Plaintiffs are currently not aware of the relationship between Defendant Greenwich and the other Defendants which were involved with the loan transaction. Additionally, Plaintiffs are not aware of Defendant Greenwich's involvement in hiring, training and supervision of the parties involved in the loan transaction. Plaintiffs are only aware that Defendant Provident sold and assigned all interest in Plaintiff Earnest Cottrell's loan to Defendant Greenwich. There is a possibility that an agency relationship exist between Defendant Greenwich and one of the other Defendants. However, Plaintiffs have not had an opportunity to conduct discovery. Upon information and belief, Defendant Greenwich received and retained payments made by Plaintiff Earnest Cottrell on this loan.

Count VIII of Plaintiffs' Complaint contends that Defendants have retained money from Plaintiffs and have unjustly enriched itself at the expense of Plaintiffs. Defendant Greenwich does not deny that it has not received payments from Plaintiffs or that it has not financially benefited from the loan at issue in this matter. To prevail on a claim of unjust enrichment, the plaintiff must show that the "defendant holds money which, in equity and good conscience belongs to plaintiff or holds money which was

4

improperly paid to defendant because of mistake or fraud." <u>Dickenson v. Cosmos Broad, Co.</u>, 782 So. 2d 260, 266 (Ala. 2000). The doctrine of unjust enrichment is an old equitable remedy permitting the Court in equity and good conscience to disallow one to be unjustly enriched at the expense of another. <u>Battles v. Atchinson</u>, 545 So. 2d 814 (815)(Ala. Civ. App. 1989). The loan upon which Plaintiffs have made payments was obtained by fraud and is void due to Plaintiff Earnest Cottrell's mental incompetence. Therefore, Defendant Greenwich has been unjustly enriched.

The law with regards to mental incompetents entering into contracts is very clear.

> In Alabama, the rule is that contracts of insane persons are wholly and completely void. The question then goes to what constitutes insanity. <u>Alabama has essentially adopted a cognitive (understanding) test to answer this question</u>. In order to render a deed void because of the mental incapacity of the grantor--and the principle is the same for any other signatory--<u>the test is 'not merely that the grantor's mental powers were impaired, but whether he had sufficient capacity to understand in a reasonable manner the nature and effect of the act which he was doing</u>.

> [T]o avoid a contract on the ground of insanity, it must be satisfactorily shown that the party was incapable of transacting the particular business in question. It is not enough to show that he was the subject of delusions not affecting the subject-matter of the transaction, nor that he was, in other respects, mentally weak. <u>A party cannot avoid a contact</u>, free from fraud or undue influence, on the ground of mental incapacity, <u>unless it be shown that his insanity ... was of such character that he had no reasonable perception or understanding of the nature and terms of the contract</u>. (internal citations omitted)(emphasis added). <u>McAlister v. Deatherage</u>, 523 So.2d 387 (Ala. 1988).

Plaintiff Earnest Cottrell is mentally incompetent and incapable of entering into any contract. Defendants engaged in activities which it knew or should have known were false or fraudulent with the express purpose of having Plaintiff Earnest Cottrell enter into

5

the refinancing transaction. Based on these activities, Defendant Greenwich received payments and has been unjustly enriched by retaining payments on a void loan.

## CONCLUSION

When all facts set forth in the complaint are accepted as true, it is clear that Plaintiffs can prove a set of facts to support their claim of unjust enrichment as to Defendant Greenwich. Since Plaintiffs are unaware of the relationship between Defendant Greenwich and the other Defendants, they have not alleged facts sufficient to establish an agency relationship, negligent or wanton hiring and training, or recording an improper title. If the Court deems it necessary to dismiss the counts except for the unjust enrichment count, Plaintiffs respectfully request that the remaining counts be dismissed without prejudice. This will allow Plaintiffs the opportunity to conduct the necessary discovery to determine Defendant Greenwich's full involvement with the other Defendants and the transaction at issue. Defendant Greenwich will not be prejudiced in any manner in that they should remain a party to this complaint based on the unjust enrichment allegation in County VIII.

      /s/ Charles Lance Gould
      C. LANCE GOULD (GOU007)
      Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Attorneys at Law
Post Office Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 23rd day of November 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      /s/ Charles Lance Gould
      OF COUNSEL

John Robert Parker, Jr.
Kenneth Daniel Sansom
Robert Keeling Spotswood
Spotswood LLC
2100 Third Avenue, North
Concord Center, Suite 940
Birmingham, AL 35203
205-986-3620
Fax: 986-3639
Email: ksansom@spotswoodllc.com

Richard Dale Lively
364 East Main Street
Prattville, AL 36067
334-491-4911
Fax: 491-4922
Email: richarddlively@aol.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

John Thomas Bender
McFadden, Lyon & Rouse, LLC
718 Downtowner Boulevard
Mobile, AL 36609
(251) 342-9172
Fax: 251-342-9457
Email: jbender@mlrlawyers.com

Cara Kate Martens
Greenwich Capital Markets Inc
600 Steamboat Rd
Greenwich, CT 06830
203.618.6260
Fax: 203-422-4548