# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## MONTGOMERY DIVISION

| | |
|---|---|
| JOHNNIE MAE KING, as Conservator over the Estates of EARNEST L. COTTRELL and ROSIE J. COTTRELL, </br></br>   Plaintiffs, </br></br> v. </br></br> THE PROVIDENT BANK; FAMILY FINANCIAL AND MORTGAGE SERVICE; LITTON LOAN SERVICING LP; C-BASS LLC; GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.; PROVIDENT CONSUMER FINANCIAL SERVICES and SCOTT THOMPSON, </br></br>   Defendants. | Civil Action No.: </br> 2:05-CV-00961-SRW |

## GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Greenwich Capital Financial Products, Inc. ("Defendant Greenwich") hereby submits this reply brief in support of its Motion to Dismiss. In Plaintiffs' Response to Defendant Greenwich Financial Products, Inc.'s Motion to Dismiss ("Response"), Plaintiffs do not dispute any of the legal authority relied upon by Defendant Greenwich. Nor do Plaintiffs point to any allegations in the Complaint that would overcome the deficiencies identified by Defendants in their Memorandum in Support of their Motion to Dismiss ("Memorandum"). For these

reasons, discussed in more detail below, Defendant Greenwich's Motion to Dismiss for failure to state a claim on which relief may be granted and failure to plead fraud with particularity should be granted in its entirety.

## ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiffs Failed to State a Claim for Negligent or Wanton Hiring, Training, and Supervision.

In their Complaint, Plaintiffs alleged that Defendants are guilty of "negligent" and "wanton hiring, training, and supervising." Complaint at ¶¶ 39, 42. However, Plaintiffs pled that Defendant Thompson was "acting as agent for Defendant Family" when Defendant Thompson allegedly induced Plaintiffs to enter into the refinancing transaction at issue. Complaint at ¶ 15. Defendant Greenwich argued in its Memorandum that Plaintiffs failed to plead that Defendant Greenwich hired, employed, or supervised Defendant Thompson. Memorandum at 10. In their Response, Plaintiffs failed to point to any allegation that would overcome this deficiency in Plaintiffs' pleading. Moreover, Plaintiffs recognized that they "have not alleged facts sufficient to establish . . . negligent or wanton hiring and training" against Greenwich. Response at 6. Accordingly, Counts III and IV of Plaintiffs' Complaint alleging "negligent hiring, training, and supervision" and "wanton hiring, training, and supervision" must be dismissed for failure to state a claim on which relief may be granted.

2

B. **Plaintiffs Failed to State a Claim for Negligent or Wanton Contracting With a Mentally Incompetent Individual.**

1. **Alabama Does Not Recognize a Cause of Action for Negligent or Wanton Contracting With a Mentally Incompetent Individual.**

Plaintiffs alleged in their Complaint that Defendants are guilty of "negligent" and "wanton contracting with a mentally incompetent individual." Complaint at ¶¶ 43-48. As stated in Defendant Greenwich's Memorandum, however, Alabama does not recognize a cause of action for either negligent or wanton contracting with a mentally incompetent individual. Memorandum at 10. Plaintiffs have failed to cite any Alabama authority to the contrary. Accordingly, dismissal of Counts V and VI of Plaintiffs' Complaint for failure to state a claim on which relief may be granted is warranted.

2. **Plaintiffs Failed to Plead that Defendant Greenwich Contracted With Plaintiffs.**

Even if Alabama did recognize a cause of action for negligent or wanton contracting with a mentally incompetent individual, Counts V and VI of Plaintiffs' Complaint should still be dismissed because Plaintiff acknowledged in their Complaint that Defendant Greenwich never contracted directly with Plaintiffs. Memorandum at 10. Specifically, Plaintiffs pled that Defendant Greenwich purchased their loan from Defendant Provident. Id.; Complaint at ¶ 25. Therefore, even if a cause of action for contracting with a mentally incompetent person

3

existed under Alabama law, Plaintiffs have failed to plead that Defendant Greenwich ever entered into such a contract with Plaintiffs and Counts V and VI of Plaintiffs' Complaint must be dismissed.

### C. Plaintiffs Failed to State a Claim Against Defendant Greenwich for Slander of Title.

As the basis for Plaintiffs' slander of title claim, Plaintiffs alleged that "Defendants recorded a mortgage in the Lowndes County Courthouse stating that Defendant Provident had a property interest in [Plaintiffs' property]." Complaint at ¶ 56. As stated by Defendant Greenwich in its Memorandum, however, Plaintiffs have failed to plead that Defendant Greenwich recorded the mortgage at issue. Memorandum at 11. In fact, Plaintiffs pled that Defendant Greenwich did not become involved with Plaintiffs' mortgage until after Defendant Greenwich purchased the disputed mortgage from Defendant Provident. Complaint at ¶ 25. Accordingly, Count IX of Plaintiffs' Complaint alleging slander of title must be dismissed against Defendant Greenwich for failure to state a claim upon which relief may be granted.

### D. Plaintiffs Failed to State a Claim for Unconscionability.

Plaintiffs allege in their Complaint that "Defendants' unconscionable acts and practices were the proximate cause of damages to Plaintiffs, and therefore [Plaintiffs] are entitled to recover damages." Complaint at ¶ 51. Defendant

Greenwich noted in its Memorandum, however, that Plaintiffs pled Defendant Greenwich bought Plaintiffs' loan from Defendant Provident *after* all the alleged misconduct giving rise to Plaintiffs' unconscionability claim occurred. Memorandum at 7; Complaint at ¶ 25. Plaintiffs have not responded to this argument or directed the Court to any allegations in their Complaint that would overcome this fatal defect in their pleading. Therefore, Count VII of Plaintiffs' Complaint alleging unconscionability must be dismissed for failure to state a claim upon which relief may be granted.

### E. Plaintiffs Failed to State a Claim for Fraudulent Misrepresentation and/or Omission.

#### 1. Plaintiffs Pled that Defendant Greenwich was Not Involved with Plaintiffs' Loan Until After the Allegedly Fraudulent Conduct Occurred.

Plaintiffs alleged in their Complaint that Defendants engaged in "fraudulent misrepresentations, concealment and omissions" relating to the loan transaction. Complaint at ¶¶ 26-36. As stated in Defendant Greenwich's Memorandum, however, Plaintiffs' Complaint unambiguously states that Defendant Greenwich did not become involved in Plaintiffs' loan until *after* the events and misconduct allegedly giving rise to Plaintiffs' fraud claims occurred. Memorandum at 7; Complaint at ¶ 25. Indeed, Plaintiffs have failed to allege a single misrepresentation made by Defendant Greenwich which would support their

5

alleged claims of fraud or omission. Accordingly, Counts I and II of Plaintiffs' Complaint should be dismissed for failure to state a claim on which relief may be granted.

### 2. Plaintiffs Have Failed to Plead Fraud with Particularity.

In their Complaint, Plaintiffs pled that "Defendants" as a group made certain misrepresentations and omissions that were the basis of their fraud claims. See, e.g., Complaint at ¶ 27. As stated in Defendant Greenwich's Memorandum, to survive a motion to dismiss a fraud claim asserted against multiple defendants, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1380-81 (11th Cir. 1997) (citing DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987)). Defendant Greenwich argued that by lumping Defendant Greenwich in with all the other Defendants, Plaintiffs failed to plead Defendant Greenwich's alleged participation in the fraud with the required specificity. Memorandum at 9-10. Plaintiffs have failed to dispute any of the authority cited by Defendant Greenwich or cite to any specific allegations that would support a fraud claim against Defendant Greenwich. Therefore, Plaintiffs' fraud claims (Counts I and II) must be dismissed for failing to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

### F. Plaintiffs' Sole Argument Regarding Counts I-VII and IX is Insufficient to Overcome the Deficiencies in Their Complaint.

As noted above, Plaintiffs did not dispute any of the authority cited by Defendant Greenwich or address any of Defendant Greenwich's specific arguments. Plaintiffs' sole argument in response to Defendant Greenwich's Motion to Dismiss these Counts is that Plaintiffs "are unaware of the relationship between Defendant Greenwich and the other Defendants" because they have not yet engaged in discovery. Response at 6. Under binding Eleventh Circuit authority, however, Plaintiffs must present a legally sufficient pleading **before** they are entitled to any discovery:

> **Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.**

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (internal citation omitted) (emphasis added). See also Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1292 (11th Cir. 2005) (same); Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."). Therefore, Plaintiffs cannot avoid

dismissal of their legally insufficient Complaint by claiming that discovery would shore up their claims.

### G. Plaintiffs Failed to State an Unjust Enrichment Claim.

The only argument raised by Defendant Greenwich that Plaintiffs responded to at any length relates to their unjust enrichment claim. Specifically, Plaintiffs have argued that Defendant Greenwich must return any payments made by Plaintiffs on the loan at issue because the loan was allegedly procured by fraud. Response at 5. In essence, Plaintiffs seek to rescind the loan agreement based on this alleged fraudulent inducement. Id. Consequently, Plaintiffs' unjust enrichment claim requires that Plaintiffs plead and prove that the underlying loan agreement should be rescinded due to the fraud of the Defendants.

Under Alabama law, a contract can only be avoided based on fraud where the party seeking to avoid the contract has tendered the benefits they received under the contract back to the other party. Stanard Tilton Milling Co. v. Mixon, 9 So. 2d 911, 913 (Ala. 1942) ("generally a party rescinding a contract for fraud is under a duty to restore the benefits received under the contract before he can rescind."). In other words, "'[a]s a condition precedent to the exercise of the right of rescission, the party complaining must, if practicable, restore, or offer to restore, to the other party what he had received from him by virtue of the contract.'" Id. (quoting Stone v. Walker, 77 So. 554, 557 (Ala. 1917)).

8

Nowhere in Plaintiffs' Complaint have they alleged that they tendered the proceeds of the disputed loan to Defendant Greenwich (or any other Defendant for that matter) prior to attempting to rescind the contract and asserting their unjust enrichment claim. Consequently, through their Complaint, Plaintiffs seek to retain the proceeds of the loan agreement while at the same time avoiding future payment obligations and recovering past payments pursuant to their claim for "unjust enrichment." Alabama law does not countenance such a "have your cake and eat it too" theory of liability. See Stanard Tilton, 9 So. 2d at 913. Therefore, Count VIII of Plaintiffs' Complaint for unjust enrichment must be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Based on the arguments set forth above and in Defendant Greenwich's Memorandum in Support of its Motion to Dismiss, Defendant Greenwich respectfully requests that the Court dismiss Plaintiffs' Complaint against Defendant Greenwich in its entirety for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

Respectfully submitted this 30th day of November, 2005.

        WARGO & FRENCH LLP

        s/ Windy A. Hillman
        MICHAEL S. FRENCH
        (admitted pro hac vice)
        Georgia Bar No. 276680
        WINDY A. HILLMAN (HIL038)
        Georgia Bar No. 355045

        1170 Peachtree Street, N.E.
        Suite 2020
        Atlanta, Georgia 30309
        (404) 853-1500
        (404) 853-1501 (facsimile)

        Counsel for Defendant
        Greenwich Capital Financial Products, Inc.

## CERTIFICATE OF SERVICE

This certifies that I have this day served a true and correct copy of the foregoing **GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** upon the parties and counsel of record by U.S. Mail, postage pre-paid, addressed as follows:

Jere L. Beasley, Esq.
W. Daniel Miles, III, Esq.
C. Lance Gould, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160

Richard D. Lively, Esq.
364 E. Main Street
Prattville, AL 36067

John T. Bender, Esq.
McFadden, Lyon & Rouse, L.L.C.
718 Downtowner Boulevard
Mobile, AL 36609

Robert K. Spotswood
Spotswood LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 352033

This 30th day of November, 2005.

s/ Windy A. Hillman
WINDY A. HILLMAN (HIL038)