UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE MAE KING, as Conservator over the Estate of EARNEST L. COTTRELL and ROSIE J. COTTRELL, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 2:05-CV-0961-W ) |
| THE PROVIDENT BANK, FAMILY FINANCIAL AND MORTGAGE SERVICE, LITTON LOAN SERVICING LP, C-BASS LLC, GREENWICH CAPITAL FINANCIAL PRODUCTS, INC., PROVIDENT CONSUMER FINANCIAL SERVICES, and SCOTT THOMPSON, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO STAY DEFENDANTS'
MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

Come now, Plaintiffs in response to Defendants National City Bank and Greenwich Capital Financial Products, Inc.'s Motion to Stay Proceedings and Compel Arbitration and file this Motion to Stay Defendant's Motion. Plaintiffs move this Honorable Court to stay any action to Defendants' Motion to Stay Proceeding and Compel Arbitration pending the outcome of the Plaintiffs' Motion to Remand, and in support of which would show the following:

On or about August 26, 2005, Plaintiffs filed this action in the Circuit Court of Montgomery County, Alabama. On or about October 6, 2005, Defendants filed a Notice

of Removal based on federal question jurisdiction. On November 7, 2005, Plaintiffs opposed this removal, on solid grounds, by way of their Motion to Remand and Brief in Support of Remand. On or about November 23, 2005, Defendants filed a Motion to Stay Proceedings and Compel Arbitration. In the interest of justice, Plaintiffs' Motion for a Stay on further proceedings pending the outcome of Plaintiffs' Motion to Remand is due to be granted given that the Court would not have subject matter jurisdiction over these matters if Plaintiffs' Motion to Remand is granted. See generally, National Union Fire Ins. Co. of Pittsburgh v. Liberty Mutual Co., 878 F. Supp. 199 (M.D. Ala. 1995); Austin v. American General Finance, Inc., 900 F. Supp. 396 (M.D. Ala. 1995).

Plaintiffs have challenged, on solid grounds, the Defendants' removal of this action from the Circuit Court of Montgomery County, Alabama, to this Court, in Plaintiffs' Brief in Support of Remand. In National Union Fire Ins. Co. of Pittsburgh v. Liberty Mutual Ins. Co., supra, the court addressed pending motions filed by the defendant while the plaintiff's motion to remand on a fraudulent joinder issue was pending. The court addressed the issue as follows:

> "Even if the court were inclined to grant one of the foregoing motions, it may not do so. The court must possess jurisdiction before it may rule on defendant's requested motions. The court has determined that this case is due to be remanded; therefore, not having jurisdiction, it must decline defendant's invitation to determine their motions on the merits."

Supra at 203.

In Austin, pending before the Court was plaintiff's Motion to Remand the action to state court and defendant American General Corporation's Motion to Dismiss. Defendants contended that the court should decide American General Corporation's Motion to Dismiss

before addressing the plaintiff's Motion to Remand. However, the court determined that it should first address the plaintiff's Motion to Remand and if the court had subject matter jurisdiction then the Motion to Dismiss would be considered. Since the court granted plaintiff's Motion to Remand, the case was remanded for further proceedings in state court on the Motion to Dismiss, among other things.

If Plaintiffs' Motion to Remand is granted, this Court would not ever have had subject matter jurisdiction over the matters currently before it. If the Court were to entertain any motions filed by Defendants, and then found that it did not have jurisdiction, and properly granted Plaintiffs' Motion to Remand, all of the rulings by this Court would be null and void. Therefore, in the interest of judicial economy, Plaintiffs ask this Court to issue a stay on any further proceeding concerning Defendants' Motion to Stay Proceeding and Compel Arbitration pending the outcome of the Plaintiffs' Motion to Remand.

Based on the foregoing, Plaintiffs' Motion for a Stay is due to be granted.

    /s/ Charles Lance Gould\_\_\_\_
C. LANCE GOULD (GOU007)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Attorneys at Law
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (fax)

**CERTIFICATE OF SERVICE**

   I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 22nd day of December, 2005.

                 /s/ Charles Lance Gould
                OF COUNSEL

John Robert Parker, Jr.
Kenneth Daniel Sansom
Robert Keeling Spotswood
Spotswood LLC
2100 Third Avenue, North
Concord Center, Suite 940
Birmingham, AL 35203
205-986-3620
Fax: 986-3639
Email: ksansom@spotswoodllc.com

Richard Dale Lively
364 East Main Street
Prattville, AL 36067
334-491-4911
Fax: 491-4922
Email: richarddlively@aol.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

John Thomas Bender
McFadden, Lyon & Rouse, LLC
718 Downtowner Boulevard
Mobile, AL 36609
(251) 342-9172
Fax: 251-342-9457
Email: jbender@mlrlawyers.com

Cara Kate Martens
Greenwich Capital Markets Inc
600 Steamboat Rd
Greenwich, CT 06830
203.618.6260
Fax: 203-422-4548