UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE MAE KING, as Conservator over the Estate of EARNEST L. COTTRELL and ROSIE J. COTTRELL, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 2:05-CV-0961-W ) |
| THE PROVIDENT BANK, FAMILY FINANCIAL AND MORTGAGE SERVICE, LITTON LOAN SERVICING LP, C-BASS LLC, GREENWICH CAPITAL FINANCIAL PRODUCTS, INC., PROVIDENT CONSUMER FINANCIAL SERVICES, and SCOTT THOMPSON, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

Come now the Plaintiffs, Johnnie Mae King as Conservator over the Estate of Earnest L. Cottrell and Rosie J. Cottrell, by and through their undersigned counsel of record and submit this reply to Defendant's Opposition to Plaintiff's Motion to Remand this case back to the Circuit Court of Montgomery County, Alabama.

**Reference to federal disclosure standards will not
create a substantial question of federal law**

The Defendant's Opposition to the Motion to Remand states that the claims brought against them can only be resolved by reference to federal disclosure standards. If the face of the plaintiff's complaint reveals no issue of federal law, there is no federal question jurisdiction. Caterpillar v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429,

1

96 L.Ed.2d 318 (1987) ("The rule makes the plaintiff the master of his claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). The Defendants assert a theory that the Alabama Legislature defers to federal law on disclosure issues when concerned with TILA and other consumer credit laws and adopts such as their own. The Plaintiff submits that an adoption of such law by the State of Alabama does not make federal law a substantial question to the determination of this case. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986). In other words, the state-law claim must "really and substantially involve[] a dispute or controversy respecting the validity, construction or effect of [federal] law." Mobil Oil, 671 F.2d at 422.

The Defendants attempt to discredit the case law cited in Plaintiffs' Memorandum in Support of Motion to Remand by way of Plaintiffs failure to address Alabama's deference to federal standards. The Plaintiffs do not address such an issue because this is a novel theory being attempted by Defendants; the Plaintiffs provide case law that is relevant to the issue of remand that is plainly and carefully sided with such a theory. There is no authority concerning the matter of resolving the state-law claims only by reference to federal disclosure standards that create a substantial federal question. The Defendants offer no authority to persuade this Court to rule other than for remand of this case to state court.

## Defendants actions do not constitute grounds for federal officer removal

Next, Defendants contend that removal is proper under 28 U.S.C. § 1442 (a).[1] Specifically by the following part:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office...

28 U.S.C. § 1442(a)(1). For federal officer removal there must be a causal connection that links the federal officer's direction and control to the acts challenged. Virden v. Altria Group, 304 F.Supp.2d 832 (N.D. W. Va.2004), *See also* Watson v. Phillip Morris Companies, Inc., 420 F.3d 852, 861 (8th Cir. 2005). To demonstrate such a casual connection, it must be shown that the acts that form the basis for the suit were performed pursuant to an officer's direct orders. Id. Mere participation by a defendant in a regulated industry is insufficient to support removal. Virden at 844; Watson at 857. In order to determine if a company is acting under the direction of an officer the government must exercise control over the defendant. Watson at 856-857. Here, the defendant has given no authority that shows any type of financial institution being controlled by any government official, just that it is a governmentally regulated industry, which will not carry the burden to allow federal officer removal by 28 U.S.C. § 1442 (a). The forms referred to by the Defendants, Regulation X and Z, are not controlled by one government

---

[1] Defendants contend courts have questioned whether § 1442 (a)(1) is procedural rather than jurisdictional by citing In Re Adm'rs of Tulane Educ Fund. 954 F2d 266, 270 n.4 (5th Cir. 1992). The Court in Tulane does not question if § 1442 (a)(1) is procedural rather than jurisdictional, but rather suggests to the district court on remand that along with deciding the merits of the § 1442 (a)(1) issue they should determine if such a claim would be procedural or jurisdictional. Id. No determination has ever been made and no authority is available on the issue of whether or not § 1442 (a)(1) is procedural or jurisdictional, as such, Plaintiffs have not waived their right to contest removal under it. In addition, in Defendants Notice of Removal is no way § 1442 (a)(1) ever given any explanation as to how it could be used as adequate grounds for removal nor

official; these forms simply show how the industry is governmentally regulated. Therefore, no control by any government official has been placed on the Defendants and federal officer removal is improper.

## **Conclusion**

For the reasons discussed, there are only state law claims brought in this case and there is no federal question jurisdiction or in no way is federal officer removal proper. Therefore, this case is due to be remanded to the Circuit Court of Montgomery, Alabama.

Respectfully submitted this the  22nd day of December, 2005.

   /s/ Charles Lance Gould
Charles Lance Gould  (GOU007)
Attorney for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103
Tel:    (334) 269-2343
Fax:    (334) 954-7555

---

does this Notice of Removal explain how § 1442 (a)(1) meets the requirements of removal for this removal provision.

**CERTIFICATE OF SERVICE**

       I hereby certify that I have served a true and correct copy of the foregoing document upon all counsel of record as listed below by placing the same in the United States mail, properly addressed and first class postage prepaid on this the  22nd  day December, 2005.


                                               /s/ Charles Lance Gould
                                              OF COUNSEL

John Robert Parker, Jr.
Kenneth Daniel Sansom
Robert Keeling Spotswood
Spotswood LLC
2100 Third Avenue, North
Concord Center, Suite 940
Birmingham, AL 35203
205-986-3620
Fax: 986-3639
Email: ksansom@spotswoodllc.com

Richard Dale Lively
364 East Main Street
Prattville, AL 36067
334-491-4911
Fax: 491-4922
Email: richarddlively@aol.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

John Thomas Bender
McFadden, Lyon & Rouse, LLC
718 Downtowner Boulevard
Mobile, AL 36609
(251) 342-9172
Fax: 251-342-9457
Email: jbender@mlrlawyers.com

Cara Kate Martens
Greenwich Capital Markets Inc
600 Steamboat Rd
Greenwich, CT 06830
203.618.6260
Fax: 203-422-4548

5

Michael Scott French
Wargo & French LLP
1170 Peachtree St NE
Suite 2020
Atlanta, GA 30309

Windy Angela Hillman
John Robert Parker, Jr.
Kenneth Daniel Sansom
Robert Keeling Spotswood
Richard Dale Lively
Wargo & French LLP
1170 Peachtree St NE
Suite 2020
Atlanta, GA 30309