IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE MAE KING, as Conservator over the Estates of Earnest L. Cottrell and Rosie J. Cottrell,<br><br>Plaintiff,<br><br>v.<br><br>THE PROVIDENT BANK, *et. al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:05-cv-961-MEF<br>)              (WO)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

On August 26, 2005, Plaintiff Johnnie Mae King (hereinafter "King"), as conservator over the estates of Earnest L. Cottrell and Rosie J. Cottrell, filed suit against The Provident Bank (hereinafter "Provident"); Family Financial and Mortgage Service (hereinafter "Family Financial"); Litton Loan Servicing, LP (hereinafter "Litton"); C-Bass, LLC (hereinafter "C-Bass"); Greenwich Capital Financial Products, Inc. (hereinafter "Greenwich"); Provident Consumer Financial Services (hereinafter "PCFS"); and Scott Thompson (hereinafter collectively "Defendants") in the Circuit Court of Montgomery County. On October 6, 2005, Defendant National City Bank (successor to Provident) filed a Notice of Removal in this Court (Doc. # 1). The removal was joined by Litton, Greenwich, Family Financial, and Thompson (Docs. # 3,4,5, & 6).[1] On November 7, 2005, King filed a Motion to Remand (Doc. # 15) which is presently before the Court.

---

[1] Provident no longer exists, so its consent to removal is unnecessary. PCFS was a division of Provident, so its consent is also unnecessary.

## II. Remand Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377. Federal courts have federal question jurisdiction over civil actions that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking removal has the burden of establishing that subject matter jurisdiction exists and removal is appropriate. *See Burns*, 31 F.3d at 1095. Because federal court jurisdiction is limited and removal jurisdiction raises significant federalism concerns, the Eleventh Circuit Court of Appeals has held that it favors remand of removed cases when federal jurisdiction is not absolutely clear, explaining that "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

## III. Facts

Plaintiffs Ernest and Rosie Cottrell owned real property located at 20 Howard Street, Lowdensboro, AL 36752. On September 25, 1991, Mr. Cottrell entered into a loan agreement with the United States Department of Agriculture Farmers Home Administration (hereinafter "FHA"). The loan was secured by a mortgage on the property. The loan had a fixed annual percentage rate of 8.75% and payments were subsidized by the FHA.

On July 21, 2000, Mr. Cottrell was solicited by Thompson, acting as an agent for Family Financial, to take out a loan with Provident secured by a mortgage on the property.

The Provident loan had a variable annual percentage rate between 10.875% and 17.875%. Moreover, Mr. Cottrell was charged numerous fees for the Provident loan, including an $800 subsidy recapture from FHA for early withdrawal from the previous loan; $4,073.70 in fees to get approval for the loan; and monthly broker fees and finance charges. Nonetheless, Thompson told Mr. Cottrell that it would be in his best interest to refinance his FHA loan with the Provident loan. King claims that Defendants knew that the loan was not in Mr. Cottrell's best interest but deceived Mr. Cottrell into taking out the loan by failing to inform him of the additional costs and charges.

On July 26, 2000, Mrs. Cottrell conveyed all of her interest in the property to Mr. Cottrell.

On July 5, 2001, Litton was servicing the loan for Provident. At that time, Litton purchased a property insurance policy on Mr. Cottrell's property through PCFS. Litton added the cost of the policy to the Provident loan.

The Complaint specifically states that "[p]laintiffs' claims are brought solely under Alabama law, and Plaintiffs state they do not bring any claim and/or disclaim any and all claims under any Federal laws, statutes, or regulations." (Compl. ¶ 10.)

Count I of the Complaint alleges fraudulent misrepresentation and/or omission in that Defendants represented that Mr. Cottrell would save money by refinancing the FHA loan, that Defendants failed to disclose the additional fees and costs, that Defendants failed to disclose that Defendants would financially benefit from the fees charged, and that Defendants fraudulently induced Mrs. Cottrell to give up her share of the property. Count

3

I further alleges that the misrepresentations/omissions were material and purposely designed to deceive the Cottrells.

Count II alleges fraudulent misrepresentation and/or omission with respect to the property insurance. Specifically, it alleges that Defendants failed to inform Mr. Cottrell that he could obtain alternative property insurance at a much lower cost, that the insurance was overpriced, that the premiums were financed at an excessive interest rate, and that the insurance was inadequate. Count II also alleges that Defendants failed to disclose the manner in which credit insurance would be procured and charged. Finally, it alleges that these misrepresentations/omissions were material and purposely designed to deceive Mr. Cottrell.

Counts III and IV allege negligent and wanton hiring, training, and supervision of Thompson.

Counts V and VI allege negligent and wanton contracting with a mentally incompetent individual.

Count VII alleges unconscionability. Count VIII alleges unjust enrichment. Count IX alleges slander of title in that Defendants wrongfully recorded a mortgage interest in Mrs. Cottrell's share of the property.

**IV. Discussion**

Despite the fact that the Complaint pleads only state law claims, Defendants assert that this Court has federal question jurisdiction over this action because the claims raise substantial questions of federal law. Specifically, Defendants claim that the federal Truth-in-

Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.*, and the Federal Reserve Board regulations implementing TILA determine the adequacy of representations regarding home mortgages in Alabama. In addition, Defendants claim that the federal Real Estate Settlement Procedures Act ("RESPA") and the regulations of the Department of Housing and Urban Development (hereinafter "HUD") implementing RESPA determine the adequacy of representations regarding settlement costs for home mortgages. Thus, Defendants assert, King's state law causes of action give this Court jurisdiction because they require the Court to determine whether the alleged misrepresentations and omissions violated TILA and/or RESPA. King denies asserting any federal causes of action and does not claim that the disclosures made in connection with the loan did not comply with TILA and RESPA.

The well-pleaded complaint rule provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). "This rule makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* If "the law that creates the cause of action is state law, . . . original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). According to the Supreme Court, the dispositive question is does "a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable &*

*Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2368 (2005). Federal law "must be an essential element of the plaintiff's claim; the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction and defeated if it is given another." *Mobil Oil Corp. v. Coastal Petroleum Corp.*, 671 F.2d 419, 422 (11th Cir. 1982). The "mere presence" of a federal issue "does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

The question, then, is whether King's state law claims necessarily raise substantial TILA and/or RESPA issues that would permit the Court to exercise jurisdiction over this case. In considering similar state law claims, a number of courts in this district have concluded that those claims do not necessarily depend on the interpretation of TILA, and therefore do not give rise to federal jurisdiction. *See, e.g., Leavitt v. Am. Int'l Group,* No. 3:05CV52-MHT, 2006 WL 680592 (M.D. Ala. Mar. 13, 2006)(finding that state law claims of fraud; misrepresentation; and negligent and wanton hiring, training, and supervision in connection with a loan agreement did not give rise to federal question jurisdiction pursuant to TILA); *Walker v. Commercial Credit Corp.,* 192 B.R. 260 (M.D. Ala. 1996)(holding that plaintiffs allegations of state law fraud in connection with a loan agreement did not give rise to jurisdiction on the basis of TILA); *Anderson v. Household Fin. Corp.*, 900 F. Supp. 386 (M.D. Ala. 1995)(finding that TILA was not essential to state law claims of fraud, misrepresentation, and suppression of material facts in connection with a mortgage loan).

Defendants cite a number of cases in which district courts have retained jurisdiction

pursuant to TILA even though the plaintiffs asserted only state law claims. However, none of these cases occurred in this district and moreover are factually distinguishable from the present case. For instance, in *Jones v. Barnes*, No. 4:98CV76LN, 1998 U.S. Dist. LEXIS 22904 (S.D. Miss. Aug. 28, 1998), plaintiffs asserted that defendants had breached a duty of good faith and fair dealing in their failure to disclose the nature of a credit agreement. The court held that it had jurisdiction pursuant to TILA because plaintiffs' factual claim (failure to disclose) did not state a cognizable cause of action under the state law of good faith and fair dealing. Thus, the only way plaintiffs could recover for the alleged failure to disclose would be under TILA. In the present case, however, King asserts valid state law claims which would permit recovery independent of any TILA violation. In *Allen v. Jerome Imp., Inc.*, No. 97-3847 Section "N", 1998 U.S. Dist. LEXIS 2186 (E.D. La. Feb. 23, 1998), plaintiff alleged failure to disclose "truth and lending [sic]" information in connection with a purchase order contract for a vehicle. After plaintiff filed her motion to remand, defendants stated that they would withdraw their notice of removal if plaintiff would stipulate that she did not intend to allege a TILA claim. Plaintiff refused to provide the stipulation. The court held that, because of the broad allegations and the refusal to provide the stipulation, plaintiff could recover under TILA, and that therefore the court had jurisdiction. In contrast, in the present case, King has very clearly alleged only state law claims and has stated that she disclaims any potential federal law claims.

      Therefore, the Court finds that there is no basis for federal question jurisdiction pursuant to TILA. Neither of the parties has cited, nor is the Court aware of any cases in

which a district court has exercised jurisdiction over state law claims because they require interpretation of RESPA. Because King has stated valid state law claims independent of RESPA, the Court finds that there is also no basis for federal question jurisdiction pursuant to RESPA.

In the alternative, Defendants claim that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1142(a)(1), which provides that a case involving the United States or any agency or officer thereof (or any person acting under that officer) may be removed to federal district court. *See* 28 U.S.C. § 1442(a)(1). In order for a defendant to remove a case pursuant to 1442(a)(1), he must act under the direction of a federal officer; establish a causal connection between the alleged conduct and the official authority; and have a colorable federal defense. *See Watson v. Philip Morris Co., Inc.*, 420 F.3d 852, 855 (8th Cir.2005); *see also Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996). Whether a defendant is acting under the direction of a federal officer depends on the "detail and specificity of the federal direction of the defendant's activities and whether the government exercises control over the defendant." *Watson*, 420 F.3d at 856-57. A defendant's actions taken pursuant to a comprehensive and detailed federal regulatory scheme may qualify the defendant as "acting under" the direction of a federal officer. *Id.* at 857. However, "[m]ere participation in a regulated industry is insufficient to support removal unless the challenged conduct is closely linked to detailed and specific regulations." *Id.* (internal quotation marks and citations omitted). As detailed above, the allegations in the present case are not closely linked to TILA, RESPA, or the regulations promulgated pursuant to either statute. Thus,

8

Defendants did not "act under" the direction of a federal officer, and therefore removal to this Court pursuant to 1442(a)(1) is improper.

### V. Conclusion

For the reasons set forth above, it is hereby ORDERED that

1. Plaintiffs' Motion to Remand (Doc. # 15) is GRANTED.

2. This case is REMANDED to the Circuit Court of Montgomery County, Alabama.

3. The Clerk is DIRECTED to take appropriate steps to effect the remand.

4. Plaintiff's Motion to Stay Defendants' Motion to Dismiss (Doc. # 17) and Plaintiff's Motion to Stay Defendants' Motion to Stay Proceedings and Compel Arbitration (Doc. # 29) are DENIED AS MOOT.

5. Any pending motions are left for resolution by the Circuit Court of Montgomery County, Alabama.

DONE this the 6th day of April, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE